DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Dr. John Bryk, appeals the decision of the Wayne County Court of Common Pleas, which found in favor of Appellees, Beverly Berry, Larry Lance, and Bev Berry Realty, Inc., on his claims of fraud, fraudulent concealment, and breach of fiduciary duty. This Court affirms.
 I. {¶ 2} In 2000, Dr. Bryk and his partner Dr. Sikora purchased residential rental property located in Wayne County, Ohio. The seller, Sunset Investments was a partnership between Beverly Berry and Larry Lance. Subsequent to the purchase, Dr. Bryk became the sole owner of the property. In 2006, Dr. Bryk *Page 2 
discovered that an EPA inspection of the septic system had been ordered in 1998 and that it was determined that the system was noncompliant with EPA regulations. However, Dr. Bryk was not aware that this report existed at the time he purchased the property. Dr. Bryk contacted both Ms. Berry and Mr. Lance regarding the 1998 inspection. When neither Ms. Berry nor Mr. Lance were willing to speak with Dr. Bryk about the 1998 report, he filed suit against Ms. Berry, Mr. Lance, and Bev Berry Realty, Inc., asserting claims of fraud, fraudulent concealment, and breach of fiduciary duty.
 {¶ 3} The case was tried to a jury and a verdict was returned in favor of Appellees. Dr. Bryk moved for judgment notwithstanding the verdict or for a new trial. The trial court overruled Dr. Bryk's motions. Dr. Bryk timely appealed the trial court's decision, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE VERDICT RETURNED BY THE JURY AFTER THE TRIAL OF THIS MATTER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} In his sole assignment of error, Dr. Bryk contends that the jury's verdict in favor of Ms. Berry was against the manifest weight of the evidence. This Court disagrees.
 {¶ 5} In State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, the Ohio Supreme Court clarified the distinction between the civil and criminal manifest *Page 3 
weight of the evidence standards of review. The Wilson Court stated that the civil
manifest weight of the evidence standard was enunciated in C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus, which held that "judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."Wilson at ¶ 24.
Fraud/Fraudulent Concealment by Ms. Berry {¶ 6} The Supreme Court of Ohio has held the elements of actual fraud to be:
 "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55.
 {¶ 7} In order to prove either fraudulent misrepresentation or concealment against the seller, the buyer must establish each of the above elements. Westfield Ins. Co. v. HULS Am., Inc. (1998),128 Ohio App.3d 270, 296. The relevant factors to this case are concealment and justifiable reliance. An action for fraud may be grounded upon failure to fully disclose facts of a material nature where there exists a duty to speak. Layman v. Binns (1988), 35 Ohio St.3d 176, 178. A vendor of real property "has a duty to disclose material facts which are latent, not *Page 4 
readily observable or discoverable through a purchaser's reasonable inspection." Id. Fraudulent concealment exists where a vendor fails to disclose sources of peril of which he is aware, if such a source is not discoverable by the vendee. Klott v. Associates Real Estate (1974), 41 Ohio App.2d 118, 121. The nature of the defect and the ability of the parties to determine through a reasonable inspection that a defect exists are key to determining whether or not the defect is latent.Miles v. Perpetual Savings Loan Co. (1979), 58 Ohio St.2d 97, 102.
 {¶ 8} The burden was on Bryk to establish fraud by Ms. Berry. SeeLayman, 35 Ohio St.3d at 178. A non-disclosure by the seller of a home will not rise to the level of fraud unless the defect was latent (i.e., could not have been detected by inspection). See id. Consequently, because the defect in the sewer system was not latent, Bryk could escape the application of the doctrine of caveat emptor only by showing fraud by Ms. Berry through an affirmative misrepresentation or a misstatement. See id.
 {¶ 9} Dr. Bryk gave the following testimony at trial. Dr. Bryk and his partner, Dr. Sikora, entered into a contract to purchase property owned by Ms. Berry and Mr. Lance in October 2000. After signing the purchase contract, a septic system inspection was performed by Enviro Services. Ms. Berry was responsible for contacting Enviro Services. The report by Enviro Services stated that the septic system appeared to be working. In the section regarding present code requirement, the report stated "undetermined." There was no mention of an *Page 5 
EPA inspection having been ordered in 1998 before he and Dr. Sikora purchased the property.
 {¶ 10} After the purchase, Dr. Bryk became the sole owner of the property. He had the septic system pumped annually. After having the system pumped in 2006, he noticed a problem and contacted the Wayne County Sewer System. At that time, he was told by an employee at the sewer system that the EPA had determined that the septic system was not up to standards in 1998. Dr. Bryk obtained a copy of the 1998 EPA report and contacted Ms. Berry. Ms. Berry told Dr. Bryk that she was not aware of the report. Dr. Bryk told Ms. Berry whom to contact at the Wayne County Sewer System to obtain a copy of the report. Dr. Bryk called Ms. Berry a second time and she told him that he would have to contact Larry Lance.
 {¶ 11} Ms. Berry gave the following testimony at trial. She and Mr. Lance entered into a partnership called Sunset Investments. In 1982, Sunset Investments purchased property at 3973 W. West Salem Road. In 1997, the property was listed for sale through Ms. Berry's company, Bev Berry Realty, Inc. In 1998, Sunset Investments entered into a contract to purchase with the Mosleys. The Mosleys requested that an EPA inspection be performed. Ms. Berry ordered the EPA inspection and prepared all necessary documents and transferred them to the EPA. The Mosleys, however, were unable to secure financing and the deal was never completed. Ms. Berry neither received a report from the EPA nor followed up *Page 6 
with the EPA regarding the septic system inspection. Ms. Berry did have problems receiving her mail from time to time. Later in 1998, the property was taken off the market.
 {¶ 12} Sunset Investments continued to maintain the property, and it was again listed in 2000. At that time, Dr. Sikora contacted Ms. Berry about the property. After some negotiations, the parties signed a purchase agreement. Ms. Berry requested a copy of the Wayne County Health Department's file regarding the septic system and two water wells located on the property. The file she received from the health department did not contain a letter addressed to her from the EPA dated June 8, 2008. Ms. Berry had forgotten that she requested the EPA inspection in 1998, so she did not inform Dr. Sikora and Dr. Bryk that it had been ordered. Dr. Sikora and Dr. Bryk did ask if the septic system was working and Ms. Berry told them that it was and that it had been maintained.
 {¶ 13} Among the purchase contract inspections was an inspection of the septic system which was performed by Enviro Systems. Ms. Berry gave Dr. Sikora and Dr. Bryk copies of the Enviro System report, the termite inspection and two well bacteria inspections. She also encouraged them to have any other inspections performed that they wanted. The parties signed an addendum to the purchase contract stating "purchasers have made all inspections wanted and are satisfied with their inspections." The sale to Dr. Sikora and Dr. Bryk was completed in 2000. *Page 7 
 {¶ l4} In 2006, Dr. Bryk contacted Ms. Berry and accused her of misrepresenting the septic system. At that time, Dr. Bryk informed her that he had received a letter from the EPA addressed to her dated June 8, 1998. Ms. Berry contacted the Wayne County Health Department and had them send her a copy of the letter. Ms. Berry received the letter dated June 8, 1998, for the first time on February 16, 2006. According to the Wayne County records, the building department and zoning officials of Congress Township got a copy of the EPA's letter to her dated June 8, 1998. However, no one at these agencies contacted her regarding any problems with the septic system. In addition, no one from the EPA ever contacted her about the findings in the report. Had she been aware of the existence of the 1998 letter, she would have disclosed it to Dr. Bryk and Dr. Sikora before the purchase was completed. In fact, the property would have been repaired and it would not have been an issue in 2000.
Breach of Fiduciary Duties {¶ 15} R.C. 4735.62 provides, in relevant part:
 "In representing any client in an agency or subagency relationship, the licensee shall be a fiduciary of the client and shall use the licensee's best efforts to further the interest of the client including, but not limited to * * *:
 "(A) Exercising reasonable skill and care in representing the client and carrying out the responsibilities of the agency relationship;
 "(D) Performing all duties specified in this chapter in a manner that is loyal to the interest of the client; *Page 8 
"* * *
 "(F) Disclosing to the client any material facts of the transaction of which the licensee is aware or should be aware in the exercise of reasonable skill and care and that are not confidential information pursuant to a current or prior agency or dual agency relationship[.]"
 {¶ 16} In his action for breach of fiduciary duties, Dr. Bryk claimed that Ms. Berry violated her duties pursuant to R.C. 4735.62 by fraudulently concealing material facts regarding the septic system located on the property he purchased from her in 2000. Ms. Berry testified that she did not receive notice that the septic system was not up to EPA standards until February 16, 2006, approximately six years after Dr. Bryk and Dr. Sikora purchased the property. Ms. Berry stated that if she had received the EPA's report in 1998, she would have disclosed the report to Dr. Bryk and Dr. Sikora before the purchase was completed. Ms. Berry further testified that the problem would have been repaired and would not have been an issue in 2000. No evidence was presented to rebut Ms. Berry's testimony.
 {¶ 17} Given the above testimony, this Court finds that the jury's verdict in favor of Appellees was supported by some competent, credible evidence. Dr. Bryk's sole assignment of error is overruled.
 III. {¶ 18} Dr. Bryk's assignment of error is overruled. The decision of the Wayne County Court of Common Pleas is affirmed. *Page 9 
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 SLABY, J. MOORE, J. CONCUR. *Page 1