DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Jan D. Fowler appeals from the Akron Municipal Court's judgment in favor of Defendants-Appellees Fairway Tower Manor, ACKY Akron, Ltd. Partnership, and The Ackerberg Group, collectively referred to as "Fairway Tower." For the reasons set forth below, we affirm.
 FACTS {¶ 2} Fairway Tower is the owner/operator of an apartment complex in Akron. On October 22, 2005, Fowler signed a one year lease with Fairway Tower for unit 1B. Fowler and her family moved into the unit in December 2005. Initially, Fowler did not request the use of a garage unit. Instead, she opted to park in unassigned parking spaces. Fairway Tower charges an extra monthly fee for garage unit rental and requires that the tenant sign an addendum to the lease if he or she is renting a garage unit. *Page 2 
 {¶ 3} In the winter of 2006, Fowler contacted Fairway Tower's apartment manager, Tensley Thompson, to discuss the parking situation at the complex. Fowler is disabled and expressed concern to Thompson over the lack of available parking. Thereafter, Thompson created a reserved handicap parking space for Fowler near the entrance to her apartment. Sometime around this time, Fowler acquired a second vehicle. Also around this time, Fowler alleges that she again spoke with Thompson about the parking problem and Fowler claims that Thompson said she would get Fowler a garage unit and someone would contact her. Thompson denies that the conversation took place. Fowler claims that Ken Johnson, a maintenance employee of Fairway Tower, contacted her by phone and gave her a key to a garage unit containing two spaces, five and six. Fowler began using the garage unit in February 2006. Fowler did not pay Fairway Tower any additional rent for the unit or sign a garage unit addendum.
 {¶ 4} In October 2006, Fowler received a letter from Fairway Tower stating that her lease would be up for renewal, that the new rate would be $780.00 per month, and that "[t]his rate includes your garage stall and any discounts." Fowler signed a new one year lease on December 28, 2006, which listed the rent as $780.00 and $.00 for the garage unit. Also, the new lease listed Fowler's garage unit number as 00, when Fowler had been occupying spaces five and six of a garage unit.
 {¶ 5} Thompson claims that she did not become aware of Fowler's unauthorized use of the garage unit until the summer of 2007 when a maintenance supervisor informed her that the garage unit was being used. In June of 2007, Thompson sent a letter on behalf of Fairway Tower via certified mail to inform Fowler that there was no record of her having a garage unit, that if *Page 3 
she wanted to continue using the garage unit she would have to pay for it, and that if she did not pay for the garage unit and did not remove her vehicle, it would be towed.
 {¶ 6} On September 4, 2007, Fairway Tower placed a sticker on Fowler's car indicating that if she did not move her car from the garage unit, it would be towed. On September 5, 2007, Fowler placed a note on the vehicle and delivered a copy to the office stating that she believed she had a right to use the garage and that if her car was towed she would consider it stolen. The car was towed from the garage unit on September 15, 2007.
 {¶ 7} On November 11, 2007, Fowler, represented by counsel, filed a complaint in Akron Municipal Court against Fairway Tower alleging that Fairway Tower's actions "were done intentionally and with malice aforethought, without any regard for [Fowler] and her property." Fowler sought $15,000.00 in damages. On December 19, 2007, Fairway Tower filed an answer denying the allegations and a counterclaim in unjust enrichment seeking amounts equal to Fowler's unpaid garage unit fees.
 {¶ 8} A bench trial was held on April 18, 2008. The trial court issued an opinion on July 21, 2008, interpreting Fowler's claim to be one for conversion, finding in favor of Fairway Tower on both Fowler's complaint and Fairway Tower's counterclaim. The trial court awarded $81.00 to Fairway Tower for its unjust enrichment counterclaim; this amount is equivalent to three months of rental fees for one space in the garage unit. The trial court reasoned that Fairway Tower successfully demonstrated that Fowler used at least one of the spaces in the garage unit for the three months following notice by management that her use was unauthorized, and thus, Fairway Tower was entitled to recover that amount.
 {¶ 9} Fowler has timely appealed and asserts one assignment of error. She argues that the trial court's decision was against the manifest weight of the evidence. We affirm. *Page 4 
 MANIFEST WEIGHT OF THE EVIDENCE {¶ 10} Under the civil manifest weight of the evidence standard, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court * * * ." Bryk v. Berry, 9th Dist. No. 07CA0045, 2008-Ohio-2389, at ¶ 5, quoting State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 24, quoting C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 11} Further, we must presume the findings of the trial court are correct, as it was in the best position to observe the witnesses and weigh the credibility of their testimony. Calame v. Treece, 9th Dist. No. 07CA0073, 2008-Ohio-4997, at ¶ 15. (Citations omitted.) "While `[a] finding of an error in law is a legitimate ground for reversal, [] a difference of opinion on credibility of witnesses and evidence is not.'" Id., quoting Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 81.
 {¶ 12} As noted by the trial court in its judgment entry, Fowler does not specify in her complaint what particular cause of action entitles her to relief. It is apparent only that she is alleging a species of an intentional tort claim. The trial court determined that conversion was the most logical choice given the facts argued by Fowler and further concluded that Fowler had not met her burden. The trial court was clearly displeased with Fowler's vague pleading and stated that "Plaintiff failed to establish a clear cause of action, and neglected to cite any authority to support the intentional tort claim."
 {¶ 13} Despite the fact that neither party has challenged the trial court's finding that Fowler's claim was in conversion, and despite the fact that the trial court twice admonished Fowler for failure to clearly articulate her claim, Fowler has again failed in her merit brief to specify what cause of action entitles her to relief. While she has cited the correct standard of *Page 5 
review and provided citations to various portions of the transcript, she has not detailed how those facts support a claim for conversion, or even mentioned the term conversion.
 {¶ 14} Likewise, Fowler has not presented this Court with any argument demonstrating that the trial court's judgment in favor of Fairway Tower on its counterclaim was error. Again, Fowler fails to even mention the counterclaim in her brief. She does not list the elements of unjust enrichment or explain how the facts of the case lead to a conclusion that the trial court's judgment was error.
 {¶ 15} The applicable standard of review requires us to examine the record to determine if the judgment was supported by "some competent, credible evidence going to all the essential elements of the case * * * ." Bryk at ¶ 5. Fowler's failure to delineate the claims on appeal she is pursuing and their elements essentially precludes us from engaging in this review. "It is the duty of the appellant, not this [C]ourt, to demonstrate [her] assigned error through an argument that is supported by citations to legal authority and facts in the record." State v.Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3; see, also, App. R. 16(A)(7); Loc. R. 7(B)(7). "It is not the function of this [C]ourt to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Catanzarite v. Boswell, 9th Dist. No. 24184,2009-Ohio-1211, at ¶ 16, quoting Kremer v. Cox (1996),114 Ohio App.3d 41, 60. We hold all parties to the standards set forth in both our own local rules and the Ohio Rules of Appellate Procedure, whether they arepro se or represented. As Fowler has failed to present any legal authorities in support of her argument, she has also failed to demonstrate any error on the part of the trial court. SeeTaylor, at *3.
 {¶ 16} We further note that in reaching its decision, the trial court necessarily weighed the credibility of the witnesses, and in so doing, found in favor of Fairway Tower. Thus, if we *Page 6 
were to review this case on the merits, we would be unable to reverse the trial court's decision if our reason for doing so was a disagreement with the trial court concerning the credibility of the witnesses' testimony. See Calame at ¶ 15. We are obligated to presume that the factual findings of the trial court are correct, as the trial court was able to observe the witnesses and hear their testimony, and therefore was in a better position to make credibility determinations. Id. Fowler's sole assignment of error is overruled.
 CONCLUSION {¶ 17} In light of the foregoing, we affirm the judgment of the Akron Municipal Court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant. *Page 7 
CARR, P. J. WHITMORE, J. CONCUR. *Page 1