[Cite as *Midura v. Bosley*, 2012-Ohio-5115.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| TIMOTHY J. MIDURA, et al. | | C.A. No.    12CA0020 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| WENDY BOSLEY | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellee | | CASE No.    10-CV-0712 |

DECISION AND JOURNAL ENTRY

Dated: November 5, 2012

DICKINSON, Judge.

## INTRODUCTION

{¶1}    A few months after Timothy and Melissa Midura moved into a house they had purchased from Wendy Bosley and her ex-husband, water began entering the basement. After spending over $15,000 correcting the problem, they sued Ms. Bosley alleging fraud and mutual mistake. Following a bench trial, the judge found in favor of Ms. Bosley. The Miduras have appealed, arguing that the judge's decision was against the manifest weight of the evidence. We affirm because the trial judge did not lose his way when he determined that the Miduras failed to establish fraud or mutual mistake.

## BACKGROUND

{¶2}    According to Ms. Bosley, she and her ex-husband hired a company to build the house for them in 2002. They took possession the following year. Because they needed more storage space, her ex-husband installed shelving in part of the basement shortly after they moved

in. She testified that, because her children enjoyed playing in the basement, her ex-husband painted the rest of its walls white. She also said that the only problem that they had ever had with water in the basement was from a cable box that had not been sealed correctly when it was installed. That issue was fixed, however, long before they sold the house to the Miduras.

{¶3} Mr. Midura testified that, when he viewed the house before buying it, the only defect he noticed in the basement was a golf-ball-sized light brown spot on the back wall near the end of the shelves. He said that he and his wife moved into the house in January 2007 and did not have any problems in the basement until May or June. Once the weather turned wet, however, water began coming down the south and back walls of the basement. The water accumulated in one of the corners and left spots on other parts of the floor. Over 60 feet of the walls developed a brownish discoloration. Throughout the year the problem got worse until the Miduras hired a company to repair it.

{¶4} Michael Kellam, the foreman of the work crew who performed the repairs, testified that, when he inspected the basement, he discovered that the sump pump was leaking, that there was hydrostatic pressure on the floor, that there were water stains on some of the cement blocks, that there was an exterior crack in one of the walls, and that there was no drain tile under the floor. He opined that, based on his examination of the walls and his observations after opening the floor, he could tell that the problem with the basement "did not develop overnight" and "probably took a number of years to get to that point."

STANDARD OF REVIEW

{¶5} The Miduras' assignment of error is that the trial court's decision was against the manifest weight of the evidence. When reviewing the manifest weight of the evidence in a civil case, this Court "weighs the evidence and all reasonable inferences, considers the credibility of

witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Eastley v. Volkman*, 132 Ohio St. 3d 328, 2012-Ohio-2179, ¶ 20 (quoting *Tewarson v. Simon*, 141 Ohio App. 3d 103, 115 (9th Dist. 2001)).

FRAUD

{¶6}    In their complaint, the Miduras alleged that Ms. Bosley committed fraud because she indicated on a residential property disclosure form that she did not know of any water intrusion problem other than the problem with the cable box that had been fixed.  She also indicated that she did not know of any structural problems such as cracking of the basement walls or of any drainage or flooding problems with the property.

{¶7}    The doctrine of caveat emptor precludes a purchaser from recovering for a structural defect in real estate if "(1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." *Layman v. Binns*, 35 Ohio St. 3d 176, syllabus (1988).  "The elements of fraud are:  (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Burr v. Stark County Bd. of Comm'rs*, 23 Ohio St. 3d 69, paragraph two of the syllabus (1986).  Regarding fraudulent concealment or nondisclosure, the Ohio Supreme Court has held that "a [seller] has a duty to disclose material facts which are latent, not readily observable or discoverable through a [buyer's] reasonable

inspection." *Binns*, 35 Ohio St. 3d at 178. "Fraudulent concealment exists where a [seller] fails to disclose sources of peril of which [s]he is aware, if such a source is not discoverable by the [buyer]." *Bryk v. Berry*, 9th Dist. No. 07CA0045, 2008-Ohio-2389, ¶ 7. "The nature of the defect and the ability of the parties to determine through a reasonable inspection that a defect exists are key to determining whether or not the defect is latent." *Id*.

{¶8}    The trial judge found that the Miduras had failed to present any evidence that Ms. Bosley knew there was a water intrusion problem in the basement. At trial, Mr. Midura testified that, when he viewed the house, the basement had been painted white. He said that, although he did not know when the walls had been painted, he believed the paint was fresh because it was so white. The Miduras argued that the fresh painting of the basement and the sheer magnitude of the water infiltration problem were evidence that Ms. Bosley must have known of the problem. They also argued that Mr. Midura's observation of the brown spot on a basement wall when he viewed the house and Mr. Kellam's testimony that the problem had developed over a number of years established that the problem was not something that had started after they took possession of the property.

{¶9}    Ms. Bosley testified that she had not observed the water infiltration problem that the Miduras experienced. She also testified that her ex-husband was the one who had handled the basement renovations. Ms. Bosley's father corroborated part of her testimony, stating that he had been in the basement of the house "quite often" and had never noticed any dampness or other moisture problem.

{¶10}   Upon review of the record, we cannot say that the trial judge lost his way when he found that the Miduras had failed to establish that Ms. Bosley knew there was a water intrusion problem in the basement when she completed the residential property disclosure form.

According to Mr. Kellam, the problem he identified would have taken a number of years to develop to the point that he observed it. The Miduras bought the house from Ms. Bosley in the fall of 2006, but did not hire Mr. Kellam's company until March 2008. The fact that the problem would have taken a number of years to develop implies that it would not have been as extensive or observable at the time of the sale as it was a year and a half later. In addition, there was no evidence that Ms. Bosley was the one who allegedly repainted the walls before the Miduras viewed the property. We further note that Mr. Kellam said that he did not see the crack in the exterior wall until his crew dug an inspection trench, so that issue could not have been readily observed by Ms. Bosley. Accordingly, we agree that the Miduras failed to establish that Ms. Bosley's answers on the residential property disclosure form were "made falsely, with knowledge of [their] falsity, or with such utter disregard and recklessness as to whether [they are] true or false that knowledge may be inferred[.]" *Burr v. Stark County Bd. of Comm'rs*, 23 Ohio St. 3d 69, paragraph two of the syllabus (1986).

## MUTUAL MISTAKE

{¶11} The Miduras have also argued that the trial judge incorrectly rejected their mutual mistake claim. According to the Miduras, if Ms. Bosley did not, in fact, know about the water intrusion problem, then the doctrine of mutual mistake applies to the sale of the property.

{¶12} "[Ohio] recognizes the doctrine of mutual mistake as a ground for the rescission of a contract under certain circumstances." *Reilley v. Richards*, 69 Ohio St. 3d 352, 352 (1994). "[A] buyer is entitled to rescission of a real estate purchase contract [if] there is a mutual mistake as to a material part of the contract and . . . the complaining party is not negligent in failing to discover the mistake." *Id.* at 352-53. "A mistake is material to a contract when it is 'a mistake . . . as to a basic assumption on which the contract was made [that] has a material effect on the

agreed exchange of performances.'" *Id*. at 353 (quoting 1 Restatement of the Law 2d, Contracts, Section 152(1), at 385 (1981)). "[T]he intention of the parties must have been frustrated by the mutual mistake." *Id*.

{¶13} The residential property disclosure form informed the Miduras that, "other than having lived at . . . the property, [Ms. Bosley] possesses no greater knowledge than that which could be obtained by a careful inspection of the property by a potential purchaser." The form indicated that it was "not a warranty of any kind" or "a substitute for any inspections." It also advised the Miduras "to obtain their own professional inspection." Despite warning the Miduras that they should hire a professional inspector and Mr. Midura's observation of a brown spot on the wall of the basement, even though it appeared to have been freshly painted, there is no evidence in the record that the Miduras hired a professional to inspect the property. We, therefore, conclude that there was sufficient evidence for the court to find that the Miduras were "negligent in failing to discover" the water intrusion problem before purchasing the house. *Reilley v. Richards*, 69 Ohio St. 3d 352, 352-53 (1994). In addition, the Miduras did not submit any evidence that their home lost a significant amount of its fair market value or became uninhabitable because of the problem. Accordingly, it cannot be said that the problem "materially affected a basic underlying assumption of the parties' purchase agreement." *Novotny v. Fierle*, 11th Dist. No. 2011-L-148, 2012-Ohio-4007, ¶ 30 (concluding that the doctrine of mutual mistake did not apply when there was an unknown pre-existing condition that caused water to enter basement after sale of house was completed); *Wallington v. Hageman*, 8th Dist. No. 94763, 2010-Ohio-6181, ¶ 27 (concluding that basement water-infiltration problem did not affect the character of the property or the parties' ability to complete the contract).

{¶14} The Miduras have argued that this case is similar to the facts of *Reilley*. In that case, David Richards bought a parcel of land from Thomas Reilley intending to build a house on it. At the time of the sale, the parties did not know that the land was located in a floodplain, that a house could not be built on it unless it met certain conditions, or that Mr. Richards would not be able to obtain a warranty from the builder he had hired if he constructed a house on the land. The Ohio Supreme Court determined that Mr. Richards could rescind the sale under those circumstances because the parties were mistaken about a fact "that goes to the character of the property such that it severely frustrate[d] [Mr. Thomas's] ability to build a home on the property." *Reilley v. Richards*, 69 Ohio St. 3d 352, 353 (1994). The Court noted that, even though Mr. Richards had had his builder inspect the property, the builder could not have discovered the existence of the floodplain simply by looking at it. *Id*.

{¶15} Unlike in *Reilley*, the water intrusion problem that the Miduras experienced did not severely frustrate their ability to use the house as their home. It was not "a mistake . . . as to a basic assumption on which the contract was made [that] ha[d] a material effect on the agreed exchange of performances." *Reilley v. Richards*, 69 Ohio St. 3d 352, 353 (1994) (quoting 1 Restatement of the Law 2d, Contracts, Section 152(1), at 385 (1981)); *see Irwin v. Wilson*, 45 Ohio St. 426, syllabus (1887) (concluding that William Irwin could rescind land trade because the parties were misled by a third-party about which land he would receive in the exchange).

{¶16} Because the Miduras did not hire a professional to inspect the basement before buying the house and because the water intrusion problem was not a mistake regarding a basic assumption on which the contract was made, the trial court correctly awarded judgment to Ms. Bosley on their mutual mistake claim. The Miduras' assignment of error is overruled.

CONCLUSION

**{¶17}** The trial court's decision is not against the manifest weight of the evidence. The judgment of the Wayne County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

DANIEL S. WHITE, Attorney at Law, for Appellants.

ROBERT J. REYNOLDS, Attorney at Law, for Appellee.