[Cite as *Ponder v. Cult*, 2017-Ohio-168.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

JAMES D. PONDER, et al.                    C.A. No.        28184

    Appellants

    v.                                                         APPEAL FROM JUDGMENT
                                                                 ENTERED IN THE
DANIEL S. CULP, et al.                          COURT OF COMMON PLEAS
                                                                 COUNTY OF SUMMIT, OHIO
    Appellees                                       CASE No.      CV 2015 03 2026

DECISION AND JOURNAL ENTRY

Dated: January 18, 2017

---

SCHAFER, Judge.

{¶1}    Plaintiffs-Appellants, James and Shannon Ponder (collectively, "the Ponders"), appeal the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Defendants-Appellees, Daniel and Kristen Culp (collectively, "the Culps"). For the reasons set forth below, we affirm.

I.

{¶2}    On September 16, 2014, the Culps, as sellers, entered into a real estate purchase agreement with the Ponders, as buyers, for a residential home located on Elizabeth Drive in Stow, Ohio. As relevant to this appeal, the real estate purchase agreement contained the following provision:

> INSPECTION: This Agreement is contingent upon Inspection of the property by a professional(s) of Buyer's choice. If Buyer in good faith is not satisfied with such Inspection(s), then Buyer must notify Seller in writing of such within 14 days of the date of this Agreement. If a resolution of the unsatisfactory condition(s) cannot be reached, then the Buyer may void this agreement or accept the property in its "as is" condition. If Buyer voids this agreement, parties shall

sign a mutual release and earnest monies shall be promptly returned to Buyer. If Buyer does not inspect the property or does not notify Seller within the 14 day period then any contingency pursuant to this paragraph is removed and the Buyer shall take the property in its present "AS IS" condition.

Pursuant to R.C. 5302.30, the Culps completed, signed, and provided to the Ponders a State of Ohio, Department of Commerce, Residential Property Disclosure Form. In Section D of the Disclosure Form, the Culps indicated that they were unaware "of any previous or current water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any area below grade, basement or crawl space[.]" In Section E of the Disclosure Form, the Culps indicated that they were aware of "previous or current movement, shifting, deterioration, material cracks/settling (other than visible minor cracks or blemishes) or other material problems with the foundation, basement/crawl space, floors, or interior/exterior walls[.]" Specifically, the Culps wrote that prior to their purchase of the Elizabeth Drive residence in 2007, the basement wall had been reinforced and a water system had been installed, but that they had experienced "[n]o issue" with regard to either. In Section K of the Disclosure Form, the Culps indicated that they were unaware "of any previous or current flooding, drainage, settling or grading or erosion problems affecting the property[.]" Lastly, in Section N of the Disclosure Form, captioned "OTHER KNOWN MATERIAL DEFECTS[,]" the Culps wrote, in part, that "water comes up through [a] crack in [the] garage floor during heavy rain." The Ponders acknowledged receipt of the Disclosure Form on September 15, 2014.

{¶3} On September 25, 2014, the Ponders retained a home inspector, Tony Tilenni, to conduct a general home inspection. Tilenni inspected the entirety of the Elizabeth Drive property, including the laundry room located in the basement of the house. After inspecting the property, Tilenni told the Ponders that he "didn't trust [the wall in the laundry room]" and predicted that the slope of the driveway might cause water to leak into the laundry room. Tilenni

also predicted that if there was going to be an issue with the property, it would likely occur in the laundry room. It is undisputed that the Ponders never notified the Culps of any dissatisfaction with the property within 14 days as required by the real estate purchase agreement.

{¶4} On September 26, 2014, the Ponders hired a structural engineer, Timothy Lauth, to inspect the structural integrity of the basement and garage walls. Following his inspection, Lauth reported that "[t]he basement had several vertical steel beams along one wall. * * * The beams appear to be adequate to maintain the structural integrity of the wall. There was no water staining noted on the walls or on the floor." Following Lauth's inspection but prior to receiving his report, the Ponders' real estate agent emailed the Culps' real estate agent stating, "Basement is good; however, Garage has major issues. Buyers are waiting on the written report from Engineer before proceeding."

{¶5} Once all inspections were complete, the Culps and Ponders entered into an "Amendment to Residential Purchase Agreement and Removal of Inspection Contingencies" with an addendum attached thereto. The addendum provided for additions, revisions, reservations, contingencies, and/or changes, as the case may be. Once the revisions were completed and each of the conditions satisfied, the Ponders removed the contingencies. Thereafter, sale of the Elizabeth Drive property closed and title transferred to the Ponders. After receiving title to the property, the Ponders assert that the basement flooded after the very first rainfall. The Ponders also assert that the basement leaked every time that it rained thereafter.

{¶6} On March 26, 2015, the Ponders filed a lawsuit against the Culps in the Summit County Court of Common Pleas. The Ponders alleged the following three claims in their complaint: (I) fraudulent inducement; (II) fraud; and (III) mutual mistake of fact. The Culps filed an answer denying the Ponders' claims. On October 23, 2015, at the close of discovery, the

Culps filed a motion for summary judgment on all of the Ponders' claims. The Ponders filed a brief in opposition to the Culps' summary judgment motion, to which the Culps filed a reply brief in support of their motion. On February 29, 2016, the trial court issued a judgment entry granting summary judgment in favor of the Culps on all three of the Ponders' claims.

{¶7} The Ponders filed this timely appeal, raising one assignment of error for this Court's review.

II.

### Assignment of Error

**The trial court's decision to grant the Appellees' motion for summary judgment constitutes reversible error.**

{¶8} In their sole assignment of error, the Ponders argue that the trial court erred by granting summary judgment in favor of the Culps.

### A. Standard of Review

{¶9} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, however, a court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶10} Summary judgment consists of a burden-shifting framework. To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio

St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

## B. Fraud & Fraudulent Inducement

{¶11} As a general rule, "[t]he doctrine of caveat emptor precludes a purchaser from recovering for a structural defect in real estate if ' (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor.'" *Midura v. Bosley*, 9th Dist. Wayne No. 12CA0020, 2012-Ohio-5115, ¶ 7, quoting *Layman v. Binns*, 35 Ohio St.3d 176 (1988), syllabus. Here, the Ponders allege that the Culps engaged in fraud and fraudulent inducement. To support their claim for fraud, the Ponders would have to prove each of the following elements: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *N. Shore Neurological Servs., Inc. v. Midwest Neuroscience, Inc.*, 9th Dist. Lorain No. 08CA009373, 2009-Ohio-2429, ¶ 12, quoting *State ex rel. Illuminating Co. v. Cuyahoga County Court of Common Pleas*, 97 Ohio St.3d 69, 2002-Ohio-5312, ¶ 24, quoting *Russ v. TRW Inc.*, 59 Ohio St.3d 42, 49 (1991). The elements of fraud

and fraudulent inducement are substantially the same. *Huegel v. Scott*, 11th Dist. Trumbull No. 2015-T-0014, 2015-Ohio-3554, ¶ 14.

{¶12} The Culps moved for summary judgment on the Ponders' fraud-based claims on the basis that no genuine issue of material fact was in dispute and that they were entitled to judgment as a matter of law. In support of their motion for summary judgment, the Culps cite to James and Shannon Ponders' respective deposition testimonies. Specifically, the Culps cite to James Ponder's deposition, wherein he assumes that the Culps knew about the water intrusion into the basement, but concedes that he has no physical proof of their knowledge. The Culps also cite to Shannon Ponder's deposition, wherein she states her belief that the Culps did not act maliciously toward her. The Culps also cite to the portion of Shannon Ponder's deposition where she testified that Tony Tilenni conducted a general home inspection of the property in question following the Culps' completion of the disclosure form. Shannon Ponder proceeded to testify that following his inspection of the home, Tilenni notified the Ponders that their basement laundry room risked possible future water intrusion due to the slope of the driveway. The record is clear that the Ponders never raised this issue with the Culps prior to taking title and moving into the Elizabeth Drive property. From this evidence, we determine that the Culps satisfied their initial *Dresher* burden demonstrating no genuine issue of material fact with respect to the knowledge, intent, and justifiable reliance elements of the Ponders' fraud-based tort claims.

{¶13} With the Culps having satisfied their initial burden, the burden then shifts to the Ponders, as the non-moving party, to provide specific facts which would demonstrate the existence of a "genuine triable issue" on the knowledge, intent, and justifiable reliance elements of their fraud-based claims. *Tompkins*, 75 Ohio St.3d at 449. In their brief in opposition, the Ponders assert that the material representations contained within the Disclosure Form "were

false, and they were made with express or implied knowledge of their falsity or with such utter disregard and recklessness as to truth or falsity that knowledge of falsity may be inferred." In support of this assertion, the Ponders cite to an affidavit from Ron Jackson, the foreman at Ohio State Waterproofing who waterproofed the basement of the Elizabeth Drive residence after the Ponders purchased the property. In his affidavit, Jackson details the damage that he discovered in the basement, which included water damage and moisture. Jackson also detailed the tasks that he and his crew performed to rectify the damage. Lastly, Jackson attests that, in his opinion, the water infiltration problems that he observed at the Elizabeth Drive residence "did not develop overnight and probably took a number of years to get to the point at which [I] found them." Additionally, the Ponders cite to their own affidavits, wherein they each attest that the areas of the basement affected by water damage were concealed during their inspections of the property. Specifically, the Ponders' respective affidavits attest that the "affected areas in the basement had been covered by the [Culps] with plastic sheets that were glued to the walls" and that these areas were "not open to observation" during their inspections. Lastly, the Ponders cite to the Culps' response to "Interrogatory No. 5" in their first set of interrogatories wherein the Culps state that the unfinished portion of the basement was last painted in March of 2014, just six months before the property was inspected pursuant to the real estate purchase agreement.

{¶14} However, even assuming that the Ponders satisfied their reciprocal burden with respect to whether the Culps' representations on the Disclosure Form were falsely made or were made with such utter disregard to the truth that knowledge can be inferred, we determine that the Ponders have failed to meet their reciprocal burden in demonstrating that they justifiably relied upon the Culps' alleged omissions and misrepresentations. A review of the record indicates that the Ponders retained a home inspector to conduct a general home inspection of the Elizabeth

Drive property following the Culps' submission of the Disclosure Form. The record further indicates that the home inspector explicitly informed the Ponders that he "didn't trust [the wall in the laundry room]" and predicted that water may leak into the laundry room due to the slope of the driveway. With this information in hand, it is undisputed that the Ponders failed to notify the Culps of their dissatisfaction with the property and void the sale, as was their right under the terms of the real estate purchase agreement. Rather, the Ponders elected to proceed with the purchase of the Elizabeth Drive property in its "as is" condition.

{¶15} Accordingly, as the record demonstrates that they were put on notice of potential water problems in the basement of the Elizabeth Drive property, we determine that the Ponders could not have justifiably relied upon the Culps' alleged nondisclosures and misrepresentations. *See Gentile v. Ristas*, 10th Dist. Franklin Nos. 04AP-547, 04AP-647, 04AP-704, 2005-Ohio-2197, ¶ 63 (holding that appellants could not have justifiably relied upon appellee's alleged nondisclosures and misrepresentations of water problems in the basement where a home inspection and general observation of the basement placed appellants on notice of water damage). As no genuine issue of material fact remains to be litigated on this point, we conclude that the trial court did not err in granting the Culps' motion for summary judgment on the Ponders' fraud and fraudulent inducement causes of action.

### C. Mutual Mistake of Fact

{¶16} "A careful review of Ohio law shows that 'mutual mistake of fact' is not a claim in and of itself; rather, it can be a reason to make an otherwise valid contract voidable in a rescission action." *Williams v. Clarke*, 8th Dist. Cuyahoga No. 93973, 2010-Ohio-3318, ¶ 16. With regard to mutual mistake of fact, this Court has previously stated:

> [Ohio] recognizes the doctrine of mutual mistake as a ground for the rescission of a contract under certain circumstances. [A] buyer is entitled to rescission of a real

> estate purchase contract [if] there is a mutual mistake as to a material part of the contract and * * * the complaining party is not negligent in failing to discover the mistake. A mistake is material to a contract when it is a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances. [T]he intention of the parties must have been frustrated by the mutual mistake.

(Alterations in original and internal citations and quotations omitted.) *Brown v. Scheussler*, 9th Dist. Summit No. 25008, 2010-Ohio-642, ¶ 10. "[W]here there is an 'as is' clause in the executed purchase agreement followed by a professional inspection of the property, a buyer cannot argue that the absence of water problems in a basement was 'a basic assumption under which a contract was made.'" *Legg v. Ryals*, 8th Dist. Cuyahoga No. 103221, 2016-Ohio-710, ¶ 19, quoting *Wallington v. Hageman*, 8th Dist. Cuyahoga No. 94763, 2010-Ohio-6181, ¶ 27.

{¶17} Here, the Ponders had actual knowledge, by virtue of Tilenni's general property inspection, that water could potentially leak into the basement laundry room due to the slope of the driveway. Tilenni specifically identified the basement laundry room as an area of concern and told the Ponders that he did not trust the laundry room wall. Despite Tilenni's warnings, the Ponders proceeded with the purchase of the Elizabeth Drive property "as is," without any further investigation into potential water problems. Because the Ponders were on notice, they cannot reasonably claim that there was a mutual mistake regarding any water intrusion problems. *See Doctor v. Marucci*, 11th Dist. Lake No. 2013-L-056, 2013-Ohio-5831, ¶ 20 ("Appellants had the property inspected and were satisfied with the home 'as is.' Appellants' basic assumption upon which the contract was entered was that the home was acceptable in its then-present condition, in light of the inspector's examination and conclusion. To hold otherwise would essentially impute a warranty into the transaction, which is inherently inconsistent with the concept of an 'as is' purchase.") Accordingly, we conclude that there is no genuine issue of material fact with respect

to the Ponders' mutual mistake cause of action and the trial court did not err by granting summary judgment in favor of the Culps on this claim.

**{¶18}** Accordingly, the Ponders' assignment of error is overruled.

III.

**{¶19}** The Ponders' sole assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

DANIEL S. WHITE, Attorney at Law, for Appellants.

CYNTHIA A. LAMMERT, Attorney at Law, for Appellees.