DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jan Fowler, appeals from the judgment of the Summit County Court of Common Pleas dismissing her complaint. This Court affirms.
 I. {¶ 2} Appellant previously worked for Appellee, Summa Health Systems, and was terminated on April 13, 2000. Thereafter, Appellant sought unemployment compensation benefits. She was initially awarded these benefits, but the benefits were subsequently denied after an administrative hearing. Rather than require Appellant to repay the benefits she had received, Appellee Ohio Department of Job and Family Services ("ODJFS") placed a notation on Appellant's account. As such, any future benefits would first be applied to the overpayments before Appellant received benefits.
 {¶ 3} In 2002, Appellant was laid off from other employment. As a result, she sought and was deemed eligible for unemployment compensation benefits. However, she did not begin receiving payments because the benefits were first being applied to the amount she was previously overpaid. Appellant then sought to appeal the overpayment determination through ODJFS, but she was informed that the time to appeal that determination was long over. Appellant appealed that determination through the administrative process to the Unemployment Compensation Review Commission. On December 19, 2002, the Commission issued its final determination. On January 22, 2003, Appellant filed an appeal of that decision in the Summit County Court of Common Pleas.
 {¶ 4} On February 20, 2003, Appellee Summa moved to dismiss Appellant's complaint, alleging that it was not filed in a timely manner. On March 31, 2004, the trial court granted Appellee's motion to dismiss. Appellant timely appealed, raising one assignment of error. Appellant's assignment of error contains factual statements which have been omitted to clarify her proposition.
 II. ASSIGNMENT OF ERROR
"The trial court erred by dismissing [appellant's] case before a jury heard the trial."
 {¶ 5} In her sole assignment of error, Appellant avers that the trial court erred in dismissing her complaint. This Court disagrees.
 {¶ 6} An appellate court reviews a trial court's granting of a motion to dismiss pursuant to Civ.R. 12(B)(1) de novo. Thomasv. O'Connor (Mar. 22, 2000), 9th Dist. No. 19538. Initially, this Court notes that R.C. 4141.282(A) provides as follows:
"Any interested party, within thirty days after written notice of the final decision of the unemployment compensation review commission was sent to all interested parties, may appeal the decision of the commission to the court of common pleas."
Additionally, "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." Civ.R. 6(E). However, the Ohio Supreme Court has held that Civ.R. 6(E) is not applicable to extend the thirty-day time limitation for filing a notice of appeal from the determination of the Unemployment Compensation Review Commission. Proctor v. Giles (1980), 61 Ohio St.2d 211,214.
 {¶ 7} Therefore, Appellant faced a deadline of January 18, 2003 for filing her notice of appeal to the trial court. However, January 18, 2003 was a Saturday. As such, Appellant's time for filing her notice of appeal would be extended to Monday, January 20, 2003 through R.C. 4141.281(C)(9). Additionally, because January 20, 2003 was a holiday, Appellant's time for filing her notice of appeal was extended pursuant to R.C. 4141.281(C)(9) to January 21, 2003. However, Appellant did not file her notice of appeal until January 22, 2003. As such, the trial court did not err in dismissing Appellant's appeal as untimely filed. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 8} Appellant's assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Whitmore, J., concur.