[Cite as *In re K.C.*, 2025-Ohio-5414.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE K.C.                                    :

                                              :        No. 114999

Minor Child                                   :

[Appeal by B.C., Father]                      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 4, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA24100910

---

### *Appearances:*

Samuel R. Smith II, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Appellant B.C. ("Father") appeals the juvenile court's March 26, March 27, April 10, and May 10, 2025 rulings on motions he filed. For the reasons stated below, we find that Father's appeal of the April 10 and May 10, 2025 entries were not timely filed. We affirm the juvenile court's orders in the March 26 and March 27, 2025 entries because Father did not provide a transcript to this court and did not identify the error in the record or provide supportive legal arguments regarding each motion and each objection to the magistrate's decision.

## I. Relevant Facts and Procedural History

{¶ 2} Father shares one child, K.C. (d.o.b. 8/5/23), with T.C. ("Mother"). Father filed an application to determine custody on January 26, 2024. Since then, Father has filed numerous additional motions regarding custody, visitation, child support, and other issues. In this case, Father appeals the juvenile court's March 26, March 27, April 10, and May 10, 2025 entries.

{¶ 3} On March 26, 2025, the juvenile court issued two separate entries. The first entry denied the following motions, all filed by Father, because the juvenile court determined they "lack a legal basis for the relief sought":

> Motion to compel [Mother] to update address and provide proof of residence filed on February 24, 2025.
>
> Motion for judicial notice of pattern of behavior mental health concerns, and impact on child's well-being filed on February 19, 2025.
>
> Motion for immediate court intervention and review of child custody and support filed on February 19, 2025.

In the same order, the juvenile court denied the following motions, finding that "rather than proper motions, they are in fact efforts to appeal prior court orders and judgments":

> Motion to adjust child support obligation and suspend payments due to incorrect income determination filed on February 24, 2025.
>
> Motion to correct child support calculation, suspend child support payments, and terminate child support filed on February 24, 2025.
>
> Motion to clarify misrepresentations, address abuse of legal systems, and seek modification of custody and child support filed on February 19, 2025.
>
> Motion to clarify and correct misrepresentations, child support obligations, reconsider custody in light of overwhelming evidence of

[Mother's] pattern of false allegations, perjury, and intentional interference with my parental rights filed on February 19, 2025.

The entry also denied the following motions filed by Father:

Affidavit for indigency determination, filed February 12, 2025. (The juvenile court noted that "[b]y his own admission, [Father] is voluntarily unemployed. The father's decision to refrain from employment should not excuse him from paying court costs and filing fees.")

Motion to terminate support based on parental misconduct, false statements, and interference with my parental rights filed on February 19, 2025. (In denying the motion the juvenile court found that "[F]ather fails to allege a valid reason for termination pursuant to R.C. 3119.88. Additionally, the relief sought is contrary to R.C. 3119.09.")

Motion to allocate dependence tax exemption filed on February 25, 2025. (The juvenile court stated the motion was denied because Father's February 20, and February 21, 2025, objections to the magistrate's decision addressed the same issue.)

Motion to file dismissal of civil protection order filed on February 24, 2025. (Moot because a "[m]otion was not required to file a court document.")

Motion to compel ruling and request for temporary relief filed on February 25, 2025. (Denied as moot in light of the court's other rulings.)

{¶ 4} In a separate March 26, 2025 entry, the juvenile court overruled objections to the magistrate's decisions filed by Father on February 20, February 21, March 11, and March 18, 2025. In the same entry, the juvenile court affirmed, approved, and adopted the magistrate's decisions.

{¶ 5} The juvenile court also issued two orders on March 27, 2025. The first March 27, 2025 order denied the following motions filed by Father, finding they "were not warranted by existing law":

> Motion for disclosure of prior hospitalization and current mental health compliance filed on March 4, 2025.

> Motion for neutral third-party exchange, medical evaluation, and review of custody arrangement filed on March 5, 2025.

In the same order, the juvenile court noted that Father had filed 59 motions in the case between February 20, 2024, and March 27, 2025. Fifty-four of the motions were denied and 5 were either withdrawn by Father or mooted by the court. The juvenile court then deemed Father to be vexatious litigator pursuant to Cuyahoga C.P., Juv.Div., Loc.R. 66(B) and R.C. 2323.52.

**{¶ 6}** On March 27, 2025, the juvenile court issued a second entry in this case. After hearing sworn testimony and accepting evidence, the court found, in relevant part, as follows:

> [Father] argued that the OCSS incorrectly computed his income as $39,520.00 on line one of the child support guideline worksheet. The obligor presented four paystubs from August and September of 2024 in support of his argument. The highest year-to-date earnings were $12,677.46 from a pay period ending September 7, 2024. The father opines that the pay stub shows that he never earned $39,520.00 as listed on line one of the administrative worksheet. The same paystubs show that the father earned $19.00 per hour and generally worked at least 40 hours per week. The OCSS computed the father's income at $39,520.00 which equates to $19.00/hr x 40 hours x 52 weeks. It is worth noting that the three of the paystubs provided by the father include overtime which the OCSS did not include in the administrative order. This court lacks sufficient evidence to add the overtime, however, it is more likely that the OCSS undercalculated the father's income rather than overcalculated it. The court finds the OCSS did not err when determining the father's annual income.

> The father argued that the mother's income on line six of the guideline worksheet is incorrect. The father did not present any evidence addressing what the mother's income/imputed income should be. Therefore, this argument is not well taken.

The father also argued that he is entitled to a downward deviation based on denial of parenting time resulting from a protective order. The Cuyahoga County Domestic Relations Court established a civil protective order which expired on December 29, 2024. The father offers the same reasoning in his Motion to Suspend Child Support, filed January 21, 2025. Nonetheless, R.C. 3119.09 specifically provides that the court shall not authorize or permit the withholding of any child support payment because of a denial or interference with parenting time. Therefore, the father's argument is contrary to law and should be denied.

The father argued that he is not working, therefore, due to financial hardship, he should receive a downward deviation. The father also argued that he owes his prior lawyer money and has some credit card debt. The father's argument is not persuasive. The father acknowledges, through testimony and in his Motion to Modify, that he quit his job voluntarily. The mother pointed out that [Father] quit his job almost immediately after the OCSS established the administrative child support order which is suspect. While the father may be suffering a financial hardship, it is a hardship of his own making. The court finds that the father's testimony lacked credibility at times. Again, the father failed to meet his burden of proof.

**{¶ 7}** Based on these findings, the juvenile court made the following rulings on Father's motions:

Objections to an administrative order filed on September 20, 2024. (Denied.)

Amended objections to an administrative order filed on September 20, 2024. (Denied.)

Motion to suspend child support filed on January 15, 2025. (Denied.)

Motion to stay support filed on January 30, 2025. (Denied.)

Motion for emergency hearing regarding child support filed on February 5, 2025. (Denied.)

Motion to expedite child support hearing filed on January 15, 2025. (Denied as moot.)

Motion to compel ruling and request for temporary relief filed on February 7, 2025. (Denied as moot.)

**{¶ 8}** The same entry granted, in part, Father's motion to modify support filed on November 26, 2024. The juvenile court made the following findings:

> On January 9, 2025, this court granted the father parenting time which includes 104 overnights. Therefore, the court finds that the father is entitled to a downward deviation based upon extended parenting time. The Motion to Modify Child Support should be modified effective January 9, 2025 to reflect this change of circumstances.

**{¶ 9}** On April 8, 2025, Father filed an appeal of the juvenile court's March 26 and March 27, 2025 entries.

**{¶ 10}** On April 10, 2025, the juvenile court issued an entry ruling on several motions filed by Father. Father listed the following in his brief with this court:

> Objections to the magistrate's March 1, 2025, decision, filed March 24, 2025. (Objections overruled, magistrate's decision was approved and adopted.)

> Motion to leave to file objection to magistrate's decision, filed on March 21, 2025. (Deemed moot as it was filed after the objections were filed.)

> A financial disclosure/fee-waive affidavit and order, filed on April 7, 2025. (The juvenile court noted that no supporting documentation was filed.)

**{¶ 11}** On May 27, 2025, Father filed an amended notice of appeal. The amended notice of appeal listed the juvenile court's March 26, and March 27, 2025 entries, which were on the original notice of appeal and added the juvenile court's April 10, 2025 entry to the appeal.

**{¶ 12}** In this brief with this court, Father's assignments of error state that he is also appealing the juvenile court's May 10, 2025 entry. The record does not reflect a May 10, 2025 entry by the juvenile court. In addition, Father's brief references a

May 23, 2025 juvenile court entry.  However, the May 10 and May 23, 2025 juvenile

court entries were not included in Father's original or amended notice of appeal.

{¶ 13} Father raises the following assignments of error for our review:

1. The [t]rial [c]ourt erred in that it abused its discretion in making its rulings, against [Father] in the following [j]udgment [e]ntries dated: March 26, 2025, March 27, 2025, April 10, 2025 and May 10, 2025.

2. The [c]ourt erred in not allowing [Father] to present sufficient evidence which resulted in [j]udgments being rendered against [Father] in the following [j]udgment [e]ntries dated: March 26, 2025, March 27, 2025, April 10, 2025 and May 10, 2025.

3. The [j]udgments rendered against [Father] by the [t]rial [c]ourt, is against the manifest weight of the evidence, in the following [judgment] [e]ntries dated: March 26, 2025, March 27, 2025, April 10, 2025 and May 10, 2025.

## II. Law and Analysis

{¶ 14} For ease of analysis, we address Father's appeal by the date of each

juvenile court entry rather than by assignments of error.

### A. Jurisdiction

{¶ 15} As a preliminary matter, we address whether this court has

jurisdiction to hear Father's appeal of the juvenile court's April 10 and May 23, 2025

entries.  Pursuant to App.R. 4(A)(1), "a party who wishes to appeal from an order

that is final upon its entry shall file the notice of appeal required by App.R. 3 within

30 days of that entry."[1]

---

[1] App.R. 4 allows for some exceptions to the 30-day rule, although none of the exceptions apply to the circumstances in this case.

**{¶ 16}** First, we determine whether we have jurisdiction to hear Father's appeal of the juvenile court's April 10, 2025 entry. On May 27, 2025, Father filed an amended notice of appeal to add the juvenile court's April 10, 2025 entry to this appeal. However, because the amended notice of appeal was filed more than 30 days after the juvenile court's April 10, 2025 entry, we find that Father's appeal of the April 10, 2025 entry was not timely filed pursuant to App.R. 4(A)(1). Thus, we do not have jurisdiction to entertain an appeal regarding the juvenile court's April 10, 2025 entry.

**{¶ 17}** Next, we determine whether to entertain Father's appeal of the juvenile court's May 23, 2025 entry. In his brief with this court, Father's assignments of error include a May 10, 2025 entry. However, the record reflects that there is no May 10, 2025 entry in this case. Father's brief references a May 23, 2025 entry; however, the May 23, 2025 entry was never included in either the original notice of appeal or the amended notice of appeal. When Father did not include the May 23, 2025 order in his amended notice of appeal, he did not advise the appellee, here, Mother, that he was appealing that order, and this court has the discretion to decline to entertain the appeal. *Huntington Natl. Bank v. Blue*, 2023-Ohio-3881, ¶ 12 (8th Dist.), citing App.R. 3(D) and 3(F). Because the juvenile court's May 23, 2025 entry was never appealed to this court, we decline to entertain an appeal regarding that entry.

{¶ 18} Therefore, we find we do not have jurisdiction to entertain Father's appeal of the juvenile court's April 10 entry and we decline to entertain Father's appeal of the juvenile court's May 23, 2025 entry.

## B. Transcript

{¶ 19} The juvenile court's second March 27, 2025 entry reflects that the juvenile court heard testimony; however, Father did not file a transcript with this court. App.R. 9(B)(1) tasks the appellant, in this case Father, with the responsibility to ensure a transcript is filed with the appellate court. This court has previously found that "[w]ithout a record, we must [presume] the regularity of the proceedings in the trial court and the sufficiency of the evidence for the trial court's conclusion." *Davis v. Wesolowski*, 2020-Ohio-677, ¶ 29 (8th Dist.), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

## C. Identification of Error in the Record

{¶ 20} Father's assignments of error do not identify in the record the error on which the assignment of error is based.

{¶ 21} App.R. 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." An appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in

the brief, as required under App.R. 16(A)." *Chrzanowski v. Chrzanowski*, 2025-Ohio-2690, ¶ 12 (8th Dist.), citing App.R. 12(A)(2). *See also Pickett v. Steve's Doghouse, Inc.*, 2025-Ohio-2368, ¶ 65 (8th Dist.) ("The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."); *Rodriguez v. Rodriguez*, 2009-Ohio-3456, ¶ 7 (8th Dist.) ("[I]t is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error."); *In re Q.S.*, 2023-Ohio-712, ¶ 103 (8th Dist.); *Story v. Story*, 2021-Ohio-2439, ¶ 30 (8th Dist.) (Appellate court not obligated to construct or develop arguments for appellant or to guess at undeveloped claims.); *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.) ("'If an argument exists that can support this assigned error, it is not this court's duty to root it out.'"), quoting *Cardone v. Cardone*, 1998 Ohio App. LEXIS 2028, *22 (9th Dist. May 6, 1998); *Bertalan v. Bertalan*, 2025-Ohio-1443, ¶ 77 (8th Dist.).

{¶ 22} Father's brief with this court specifically states that in the March 26 and 27, 2025 entries, the juvenile court erred in its rulings in 20 motions and 6 objections to a magistrate's decision. Father's brief makes conclusory statements that the juvenile court erred, but within each assignment of error Father does not identify the error in the record or provide supportive legal arguments regarding each motion and each objection to the magistrate's decision.

{¶ 23} Father, as the appellant in this case, bears the burden of demonstrating error on appeal. Because Father did not provide a transcript, did not identify the error in the record, and did not provide supportive legal arguments, Father has not met that burden. Therefore, Father's assignments of error are overruled.

{¶ 24} For the reasons stated above, we affirm the juvenile court's orders in the entries dated March 26 and March 27, 2025. As stated above, we do not have jurisdiction to entertain Father's appeal of the juvenile court's April 10 and May 23, 2025 entries.

It is ordered that appellant bear the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

DEENA R. CALABRESE, JUDGE

EILEEN A. GALLAGHER, A.J., and
MICHAEL JOHN RYAN, J., CONCUR