[Cite as *Mitchell v. Dir., Ohio Dept. of Job & Family Servs.*, 2024-Ohio-2073.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

SABRINA MITCHELL,                          :

      Plaintiff-Appellant,          :

                                      No. 113395

      v.                                              :

DIRECTOR, OHIO DEPARTMENT              :
OF JOB AND FAMILY SERVICES,
ET AL.,                                          :

      Defendants-Appellees.       :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 30, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-981159

---

## *Appearances:*

Sabrina Mitchell, *pro se.*

Dave Yost, Ohio Attorney General, and Brian P. Murphy, Senior Assistant Attorney General, *for appellee* ODJFS.

Weston Hurd LLP, Paul M. Shipp, and James M. McWeeney, *for appellee* Shaker Heights Schools Board of Education.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Sabrina Mitchell ("Mitchell") appeals from the trial court's dismissal of her administrative appeal from the Ohio Unemployment Review Commission ("Review Commission"). For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} Although the procedural history of this case is somewhat convoluted, this is an administrative appeal from the Review Commission pursuant to R.C. 4141.82.

{¶ 3} In July 2022, Mitchell applied for unemployment compensation benefits for a benefit year beginning June 26, 2022.

{¶ 4} On August 25, 2022, the director of the Ohio Department of Job and Family Services ("ODJFS") denied Mitchell's unemployment benefits, finding that effective June 26, 2022, Mitchell had a contract or reasonable assurance of employment with an educational institution for the next academic year or term and, as a result, was ineligible for unemployment benefits for that period pursuant to R.C. 4141.29(I)(1)(a). Mitchell appealed this denial, and accordingly, on August 26, 2022, ODJFS transferred jurisdiction to the Review Commission.

{¶ 5} On October 18, 2022, the Review Commission held a telephone hearing. Nellie Brown ("Brown"), a human resources specialist with the Shaker Heights City School District ("the school" or "the district"), testified that Mitchell began her employment with the district on August 23, 2021, and worked through the full academic year, which ended on June 9, 2022. Brown further testified that

in a June 16, 2022 email sent to Mitchell, the district informed her that it would bring her back as a district substitute for the 2022-2023 school year. Brown explained that the board approved Mitchell's employment on July 12, 2022, and Mitchell returned to the district on August 18, 2022, as a substitute teacher.

{¶ 6} Brown confirmed on cross-examination that the district had not automatically confirmed the status of Mitchell's employment for the following year — the 2022-2023 school year — after the end of the 2021-2022 school year. On June 16, 2022, the school sent an email that confirmed Mitchell's employment as a substitute teacher for the next school year.

{¶ 7} Mitchell also testified. Mitchell testified that as of June 10, 2022, she was unemployed and her position with the district was uncertain. She was told that she could reapply for a position, but that was not necessary. Mitchell contacted the district and received the June 16, 2022 email confirming her employment for the 2022-2023 school year. Mitchell asserted that because she was unemployed as of June 10, 2022, and did not have a reasonable belief that she would be reemployed with the district, she properly applied for unemployment benefits at that time.

{¶ 8} The Review Commission issued a decision and made the following findings of fact:

> Claimant filed an Initial Application for Determination of Benefit Rights on July 1, 2022. Her Application was allowed, and based on her non-educational base period employment, claimant's weekly benefit amount for between school terms and during holiday and vacation periods was determined to be $0.00.

> Claimant was employed by Shaker Heights City Board Local Board of Education as a Substitute Teacher during the 2021-2022 academic school year. The 2021-2022 academic school year ended (for summer break) on June 9, 2022, and the 2022-2023 academic school year resumed on August 18, 2022.

> Shaker Heights City Board of Education informed the claimant that she had reasonable assurance of employment for the following academic school year (2022-2023) in the same position as she was employed during the 2021-2022 school term effective June 26, 2022.

The Review Commission decision went on to find that at the hearing, Mitchell acknowledged that she had a conversation and was told that the district wanted her back and she did not need to reapply prior to filing her application for unemployment benefits. These facts, according to the Review Commission, established that effective June 26, 2022, Mitchell had a reasonable assurance of work at a school in the same position as the prior academic school year. As such, the Review Commission found that Mitchell's weekly benefit entitlement between academic school terms based on her noneducational base period employment was $0.00 and, accordingly, Mitchell was not entitled to any benefits for the period of June 26, 2022, through August 18, 2022. The Review Commission ultimately affirmed the ODJFS Director's August 25, 2022 redetermination.

{¶ 9} On October 26, 2022, Mitchell filed a request for review of the Review Commission's decision, stating that she wished to have her application back-dated to June 10, 2022.

{¶ 10} On November 2, 2022, the Review Commission disallowed Mitchell's request for review. The notice sent to Mitchell notifying her that her request for

review was disallowed also contained a notification to Mitchell of her appellate rights. Specifically, the notice stated:

> An appeal from this decision may be filed to the Court of Common Pleas of the county where the appellant, if an employee, is resident or was last employed, or of the county where the appellant, if an employer, is resident or has the principal place of business in this state, within thirty (30) days from the date of mailing of this decision, as set forth in Section 4141.282, Revised Code of Ohio. The appellant must name all interested parties as appellees in the notice of appeal, including the Director of the Department of Job and Family Services.

> If your appeal is filed more than thirty (30) days from the date of mailing, then you may ask the Court of Common Pleas to determine the timeliness of your appeal. The court may find the appeal to be timely if you did not receive this decision within thirty (30) days after it was mailed to you. For more information refer to the booklet "Workers' Guide to Unemployment Compensation (JFS-55213), available from Ohio Department of Job and Family Services or visit the agency's website at https://unemployment.ohio.gov.

> This is the final decision of the Review Commission, and will remain final if not appealed within the time limit described above.

{¶ 11} On June 16, 2023, more than six months after receiving the notice described above, Mitchell filed a complaint in the Cuyahoga County Court of Common Pleas, naming "Director, Ohio Department Job and Family Services" and "Business Administrator Shaker Heights City Board of Education" as defendants. The complaint purported to initiate "a lawsuit seeking damages for being wrongfully denied for unemployment benefits" and sought damages in the amount of $3,840.00 plus interest. Mitchell referred to a November 10, 2022 written decision from the Review Commission; Mitchell's complaint alleged that, not understanding her appellate rights, she reached out to the [Unemployment Customer Service Line] and was told that she could file her case "in a court in which she resided." Based on

this advice, on December 1, 2022, Mitchell filed a complaint in the Bedford Municipal Court.

{¶ 12} The complaint further alleged that she attempted to transfer the case to the common pleas court when she became aware that the Bedford Municipal Court lacked subject-matter jurisdiction, but she could not afford the cost to transfer the case. On February 22, 2023, the Bedford Municipal Court case was transferred to the common pleas court. The common pleas court rejected the transfer, and the case returned to Bedford Municipal Court, where the Bedford Municipal Court case was dismissed without prejudice on June 7, 2023.

{¶ 13} On August 2, 2023, the director of ODJFS filed a motion to dismiss the common pleas court case or, alternatively, to dismiss the director as a party to the case. The motion argued that the common pleas court lacked subject-matter jurisdiction. Specifically, the motion asserted that, to the extent Mitchell's complaint constituted an administrative appeal, she was required to have filed it no more than 30 days after the Review Commission sent her written notice of its final decision on November 2, 2022. Therefore, Mitchell was required to have filed her complaint by December 2, 2022. The motion also argued that, to the extent that the case was a civil cause of action and Mitchell sought a monetary judgment against a state department, Mitchell should have filed her case in the court of claims.

{¶ 14} On August 7, 2023, Mitchell filed an opposition to the ODJFS director's motion to dismiss.

{¶ 15} On August 21, 2023, the district filed a motion to dismiss, arguing that dismissal was warranted on res judicata grounds, for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(6), and for failure to state a claim pursuant to Civ.R. 12(B)(1).

{¶ 16} On September 5, 2023, Mitchell filed an opposition to the district's motion to dismiss.

{¶ 17} On November 1, 2023, the common pleas court granted the ODJFS director's motion to dismiss and dismissed the case with prejudice. In a corresponding journal entry, the court found:

> Plaintiff has filed an administrative appeal of a decision from the Unemployment Compensation Review Commission. Individuals who apply for unemployment compensation benefits may appeal to [sic] the decision of the Unemployment Compensation Review Commission to the court of common pleas. *Williams v. Dir., Ohio Dept. of Job and Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 20. Appellants "shall file the appeal with the court of common pleas of the county where the appellant, if an employee, is a resident or was last employed." R.C. 4141.282(B). To perfect an administrative appeal under R.C. 4141.282 and to vest jurisdiction in a court of common pleas to hear the appeal, a party simply needs to file a notice of appeal in the specific 30-day time frame established in the statute. R.C. 4141.282(C).
>
> When a statute confers a right to appeal, the appeal can be perfected only in the mode the statute prescribes. *Zier v. Bur. Of Unemp. Comp.*, 151 Ohio St. 123, 84 N.E.2d 746 (1949). Compliance with the specific and mandatory requirements governing the filing of a notice of appeal "is essential to invoke the jurisdiction of the court of common pleas." *Id.*
>
> The court finds that plaintiff has not complied with the statutory requirements because the notice of appeal was not filed within 30 days. Plaintiff's 30-day window to appeal the commission's decision closed on 12/02/2022. Plaintiff did not file the notice of appeal in this court until 6/16/2023.

The court notes that plaintiff initially filed this appeal in the Bedford Municipal Court on 12/01/2022. However, R.C. 4141.282 is clear that the appeal is to be filed in the court of common pleas. Because this appeal was not filed in the appropriate court until after the 30 day window closed this court does not have subject matter jurisdiction.

Having construed all material allegations in the pleadings with reasonable inferences to be drawn therefrom in favor of plaintiff as the non-moving party, the court finds that plaintiff's administrative appeal does not have a cause of action which the court has authority to decide. As such the court finds that dismissal of plaintiff's appeal is proper and defendant is entitled to judgment as a matter of law pursuant to Civ.R. 12(B)(1). Case is dismissed with prejudice.

{¶ 18} Mitchell appeals, raising five assignments of error for our review:

I. The trial court erred by dismissing Plaintiff's case when CV-23-981159 was a refile of case CV-23-977414 that was filed with Bedford Municipal Court before the 30-day time filing limit and was transferred to the Court of Common Pleas.

II. The trial court erred by not extending the time for filing an administrative appeal. The trial court erred by ignoring the fact that if a case is filed past 30 days, the Court of Common Pleas has the right by law to determine the timeliness of the appeal and still hear the case if determined timely. The case should have been determined timely due to the fact that the case was filed in a court before the 30-day time limit.

III. The trial court erred by ignoring the Plaintiff's due process rights.

IV. The trial court erred by not granting the Plaintiff the monetary damages that she seeks.

V. The trial court erred by failing to review the decision of the Unemployment Review Commission and determining if they acted unlawful, unreasonable, or against the manifest weight of the evidence.

**Law and Analysis**

{¶ 19} In Mitchell's first assignment of error, she argues that the trial court erred when it dismissed her case, because the case filed in common pleas was merely a "refile" of the case she initially filed with the Bedford Municipal Court. Because

the Bedford Municipal Court case was filed on December 1, 2022, within the 30-day window for appealing the Review Commission's decision, Mitchell argues that the trial court erred by dismissing her case for lack of subject-matter jurisdiction.

{¶ 20} A dismissal for lack of subject-matter jurisdiction "raises a question of law, and thus, this court reviews a trial court's ruling on such a motion under the de novo standard." *Shampine v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin Nos. 11AP-123 and 11AP-384, 2011-Ohio-6057, ¶ 15, citing *Crosby-Edwards v. Ohio Bd. of Embalmers & Funeral Directors*, 175 Ohio App.3d 213, 2008-Ohio-762, ¶ 21 (10th Dist.).

{¶ 21} "A 'court has subject matter jurisdiction over a case if the court has the statutory or constitutional power to adjudicate that case.'" *Id.*, quoting *Garrett v. Columbus*, 10th Dist. Franklin No. 10AP-77, 2010-Ohio-3895, ¶ 13, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. Appeals from decisions of the unemployment compensation review commission are governed by R.C. 4141.282. "An applicant seeking unemployment compensation applies for benefits and submits information to ODJFS to support [their] claim." *Id.* at ¶ 16, citing *McGee v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 09AP-680, 2010-Ohio-673, ¶ 9. "Initially, the director of ODJFS makes findings of fact and conclusions of law as to whether the applicant is entitled to unemployment benefits." *Id.*, citing R.C. 4141.28. "The director's decision is subject to an appeal to the commission for a de novo hearing," which happened in this case. *Id.*, citing R.C. 4141.281(C)(1) and (3). "If a party is unsatisfied with the commission's final determination, [they] may

appeal that decision to the appropriate court of common pleas." *Id.*, citing *McGee* at ¶ 10 and R.C. 4141.282(H).

{¶ 22} "[T]he right to dispute the validity of an administrative decision is only conferred by statute and, if such a statutory right exists, the party aggrieved by the administrative decision can only seek an appeal via the method articulated in the statute." *George v. Ohio Dept. of Human Servs.*, 10th Dist. Franklin No. 04AP-351, 2005-Ohio-2292, ¶ 32. Further, "[s]tatutory deadlines and filing requirements require strict compliance." *McNamara v. Dir., Ohio Dept. of Job & Family Servs.*, 8th Dist. Cuyahoga No. 95226, 2010-Ohio-5619, ¶ 4. Compliance with the specific and mandatory provisions of the statute "'is essential to invoke jurisdiction of the court of common pleas.'" *Makris v. Unemp. Comp. Rev. Comm.*, 7th Dist. Mahoning No. 11 MA 105, 2013-Ohio-2317, ¶ 8, quoting *Zier v. Bur. of Unemployment Comp.*, 151 Ohio St. 123, 125, 84 N.E.2d 746 (1949).

{¶ 23} Here, Mitchell was unsatisfied with the commission's final determination and, rather than appealing this decision to the appropriate court of common pleas, she initiated an action in Bedford Municipal Court. Because Mitchell failed to comply with the requirements of the statute, the trial court properly dismissed the complaint for lack of subject-matter jurisdiction. Deciding a similar question, the Tenth District Court of Appeals found that an administrative appeal was properly dismissed for lack of subject-matter jurisdiction where it was filed in the court of claims rather than the court of common pleas: "'an action in the court of claims cannot become a substitute for a statutorily created right of appeal [of an

administrative decision] in a different court.'" *George* at ¶ 35, quoting *Swaney v. Bur. of Workers' Comp.*, 10th Dist. Franklin No. 98AP-299, 1998 Ohio App. LEXIS 5415 (Nov. 10, 1998). Likewise, we find that here, although Mitchell's filing with the Bedford Municipal Court was within the statutory 30-day window for filing an appeal, that action is not a substitute for the perfecting of an appeal in the court of common pleas, as is clearly prescribed by the statute. Therefore, Mitchell's first assignment of error is overruled.

{¶ 24} In Mitchell's second assignment of error, she argues that the trial court erred by not extending the time for filing an administrative appeal. Specifically, she contends that R.C. 4141.282(I) provides that "[i]f an appeal is filed after the thirty-day appeal period, the court of common pleas shall conduct a hearing to determine whether the appeal was timely filed under division (D)(9) of section 4141.281 of the Revised Code." We find this argument unpersuasive.

{¶ 25} R.C. 4141.281(D)(9) provides for the extension of the statutory time requirements in four specific circumstances:

> When the last day of an appeal period is a Saturday, Sunday, or legal holiday.
>
> When an interested party provides certified medical evidence stating that the interested party's physical condition or mental capacity prevented the interested party from filing an appeal or request for review under this section within the appropriate twenty-one-day period, the appeal period is extended to twenty-one days after the end of the physical or mental condition, and the appeal or request for review is considered timely filed if filed within that extended period.
>
> When an interested party provides evidence, which evidence may consist of testimony from the interested party, that is sufficient to establish that the party did not actually receive the determination or

decision within the applicable appeal period, then the appeal period is extended to twenty-one days after the interested party actually receives the determination or decision.

When an interested party provides evidence, which evidence may consist of testimony from the interested party, that is sufficient to establish that the party did not actually receive a decision within the thirty-day appeal period provided in section 4141.282 of the Revised Code, and a court of common pleas finds that the interested party did not actually receive the decision within that thirty-day appeal period, then the appeal period is extended to thirty days after the interested party actually receives the decision.

{¶ 26} Mitchell does not contend, nor does our review establish, that any of these four scenarios are relevant in the instant case. Instead, Mitchell reiterates that she filed a case with the Bedford Municipal Court before the deadline. Mitchell does not point to any law supporting her position that filing a case in the wrong court should warrant an exception to the statutory requirements for perfecting an administrative appeal. Therefore, Mitchell's second assignment of error is overruled.

{¶ 27} In Mitchell's third assignment of error, she argues that the trial court erred by ignoring her due process rights. Specifically, she argues that she fought tirelessly to receive unemployment benefits to which she believes she is entitled. Mitchell does not point to any specific place in the record where this error is reflected — where the trial court specifically violated her due process rights. Further, while Mitchell generally cites to the Ohio and United States Constitutions, she does not point to any specific law in support of her third assignment of error.

{¶ 28} App.R. 12(A) provides that this court is instructed to "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under

App.R. 16[.]" This rule further provides that "errors not specifically pointed out in the record and separately argued by brief may be disregarded" by the reviewing court. *Stevens v. Little Stars Early Learning Ctr., L.L.C.*, 8th Dist. Cuyahoga No. 110602, 2022-Ohio-380, ¶ 20, citing *N. Coast Cookies v. Sweet Temptations*, 16 Ohio App.3d 342, 343, 476 N.E.2d 388 (8th Dist.1984). Additionally, "'[t]he appellant bears the burden of demonstrating error on appeal by reference to the record of the proceedings below.'" *Id.*, quoting *Davis v. Wesolowski*, 2020-Ohio-677, 146 N.E.3d 633, ¶ 29 (8th Dist.), citing *Stancik v. Hersch*, 8th Dist. Cuyahoga No. 97501, 2012-Ohio-1955. App.R. 16(A)(7) provides that the appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶ 29} Mitchell fails to clearly and concisely explain how the trial court violated her due process rights, and she fails to present any reasons in support of her contentions with citations to relevant authorities and parts of the record. Based on Mitchell's failure to comply with App.R. 12 and 16, this court may disregard Mitchell's arguments. *Stevens* at ¶ 23, citing *Bradley v. Bradley*, 8th Dist. Cuyahoga No. 109792, 2021-Ohio-2514, ¶ 25; *Cleveland v. Taylor*, 8th Dist. Cuyahoga No. 109371, 2021-Ohio-584, ¶ 87, citing *State v. Wells*, 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶ 55; *Wells Fargo Bank, N.A. v. Collins*, 8th Dist. Cuyahoga No. 109555, 2021-Ohio-508, ¶ 29; *State v. Thompson*, 2021-Ohio-376,

167 N.E.3d 1072, ¶ 91 (8th Dist.); *Wiltz v. Cleveland Clinic*, 8th Dist. Cuyahoga Nos. 109147 and 109483, 2021-Ohio-62, ¶ 18. Therefore, Mitchell's third assignment of error is overruled.

{¶ 30} In Mitchell's fourth assignment of error, she argues that the trial court erred by not granting her the monetary damages that she seeks. Specifically, Mitchell argues that her request for damages in the amount of $3,840 plus interest is "based upon the money owed to her from unemployment and court costs." Again, Mitchell fails to point to any legal authority in support of this assertion. Moreover, to the extent that the damages Mitchell seeks are unemployment benefits she believes she is owed, her belief does not change the fact that the Review Commission determined that she was ineligible for these benefits. Because Mitchell failed to timely appeal this decision, and the trial court subsequently dismissed her complaint for lack of subject-matter jurisdiction, any arguments regarding the substantive nature of Mitchell's case are not properly before this court. Therefore, Mitchell's fourth assignment of error is overruled.

{¶ 31} In Mitchell's fifth and final assignment of error, she argues that the trial court erred by failing to review the Review Commission's decision and determine if the Review Commission acted unlawfully, unreasonably, or against the manifest weight of the evidence. Mitchell points to R.C. 4141.282(H), which provides that

> [t]he court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence,

it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission.

{¶ 32} Mitchell's argument here is rendered moot by our disposition of her first assignment of error. Because Mitchell clearly failed to perfect her administrative appeal pursuant to R.C. 4141.282(C), the trial court lacked subject-matter jurisdiction and properly dismissed the case. Therefore, the requirements for the administrative appeal are inapplicable. For these reasons, Mitchell's fifth assignment of error is overruled.

{¶ 33} Judgment affirmed.

It is ordered that appellees recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR