[Cite as *Robinson v. Ohio Dept. of Job & Family Servs.*, 2026-Ohio-2090.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KATRINA T. ROBINSON,                    :

    Plaintiff-Appellant,           :

                                No. 115763

    v.                              :

OHIO DEPARTMENT OF JOB AND              :
FAMILY SERVICES, ET AL.,

                                    :

    Defendants-Appellees.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 4, 2026

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-115835

---

### *Appearances:*

Katrina T. Robinson, *pro se.*

Dave Yost, Ohio Attorney General, and Brian P. Murphy, Senior Assistant Attorney General, *for appellee* Ohio Department of Job and Family Services, et al.

DEENA R. CALABRESE, J.:

{¶ 1} Plaintiff-appellant Katrina Robinson ("Robinson") appeals from the trial court's dismissal of her administrative appeal from the Ohio Unemployment

Review Commission ("Review Commission") for lack of subject-matter jurisdiction. Finding no merit to the appeal, we affirm.

## I. Background Facts and Procedural History

{¶ 2} This is an administrative appeal from a Review Commission decision pursuant to R.C. 4141.282. We briefly recite the background facts and then turn to the pleadings pertinent to this appeal.

{¶ 3} On November 14, 2024, Robinson submitted an initial application for unemployment-compensation benefits for benefit year November 3, 2024, through November 1, 2025. She claimed in her application that her employer was Cleveland State University from October 1, 2010, to October 19, 2018, when she was terminated while on a leave of absence.

{¶ 4} On November 18, 2024, the Ohio Department of Job and Family Services ("ODJFS") disallowed the application for failure to meet the requirements of R.C. 4141.01(R)(1) of at least 20 qualifying weeks of employment or an average weekly wage of at least $328 before taxes during the base period of October 1, 2023, through September 30, 2024. Robinson appealed, and ODJFS affirmed its initial decision on December 19, 2024.

{¶ 5} Robinson filed a second appeal, and ODJFS transferred jurisdiction to the Review Commission. A hearing officer conducted a hearing at which Robinson testified. In a January 30, 2025 decision, the Review Commission affirmed the ODJFS decision.

{¶ 6} Robinson requested review of the hearing officer's decision. Upon further review, the Review Commission affirmed the hearing officer's decision. In its decision mailed to Robinson on March 12, 2025, the Review Commission advised Robinson of the denial and of her right to appeal to the Court of Common Pleas, specifying that any appeal must be filed within 30 days of the mailing date on the decision notice.

{¶ 7} On April 15, 2025, Robinson filed a notice of appeal with the Cuyahoga County Court of Common Pleas. She included the Review Commission claim number in her appeal and specifically noted that her appeal was "made pursuant to Ohio Revised Code § 4141.282, which authorizes any interested party to appeal a final decision of the Review Commission to the Court of Common Pleas within thirty (30) days of the mailing of such decision." Robinson attached a copy of the Review Commission's decision mailed March 12, 2025, which concludes with the notice of appeal rights referenced above:

> An appeal from this decision may be filed to the Court of Common Pleas of the county where the appellant, if an employee, is resident or was last employed, or of the county where the appellant, if an employer, is resident or has the principal place of business in this state, within thirty (30) days from the date of mailing of this decision, as set forth in Section 4141.282, Revised Code of Ohio. The appellant must name all interested parties as appellees in the notice of appeal, including the Director of the Department of Job and Family Services.

> If your appeal is filed more than thirty (30) days from the date of mailing, then you may ask the Court of Common Pleas to determine the timeliness of your appeal. The court may find the appeal to be timely if you did not receive this decision within thirty (30) days after it was mailed to you. For more information refer to the booklet "Workers' Guide to Unemployment Compensation (JFS-55213), available from

Ohio Department of Job and Family Services or visit the agency's website at https://unemployment.ohio.gov.

This is the final decision of the Review Commission, and will remain final if not appealed within the time limit described above.

{¶ 8} In addition to naming the ODJFS director and the Review Commission administrator as interested parties, Robinson also named Cleveland State University ("CSU") and Communications Workers of America, AFL-CIO District 4 ("CWA").

{¶ 9} Along with her notice of appeal, Robinson filed a separate complaint with the trial court the same day, April 15, 2025.[1] That pleading is captioned "COMPLAINT: Appeal to Common Pleas Court," and the caption further indicates that it included a memorandum in support with exhibits. While the complaint was filed separately from the notice of appeal, the first paragraph still indicates that it is filed "pursuant to R.C. §4141.282, appealing the final decision of the Unemployment Compensation Review Commission in Claim No. 2025000624, dated March 12, 2024 (Attach Exhibit A), and mailed the same day." The second paragraph of the complaint states that the "Review Commission's decision is unlawful, unreasonable, and against the manifest weight of the evidence" for a variety of specified reasons. The prayer for relief expressly requests, inter alia, that the trial court "[r]everse the final administrative decision of the Unemployment Compensation Review

---

[1] Robinson's complaint names the same defendants specified in the notice of appeal, but she expanded the CWA entities to include "Local 4309/4340."

Commission" and "[o]rder the recalculation and disbursement of all withheld unemployment benefits[.]"

{¶ 10} The next section of the complaint, captioned "MEMORANDUM IN SUPPORT OF THE COMPLAINT," starts with an introduction. The first sentence of the introduction begins with a statement that "[t]his memorandum supports Appellant Katrina T. Robinson's challenge to the final decision of the Unemployment Compensation Review Commission[.]"

{¶ 11} The complaint, however, can also be read as an attempt to expand the scope of the administrative appeal. For example, Robinson asked the trial court to award compensatory damages and to "[a]ffirm [her] right to pursue additional legal remedies in higher courts, including federal claims under Title VII, the Americans with Disabilities Act (ADA), Section 1983, and other applicable federal and constitutional provisions." She further requested a hearing to "fully review the evidentiary record," "to clarify the need for equitable tolling," and to otherwise address the merits of her purported arguments.

{¶ 12} Robinson attached 31 pages of exhibits to her complaint. The first exhibit, as noted above, was the same Review Commission decision attached to her notice of appeal.

{¶ 13} Along with her notice of appeal and complaint, Robinson also filed a motion for equitable tolling. She requested that the trial court "toll the applicable statutory deadlines for the preserved claim CV-21-946013 and all other related prior claims impacted by government error, misclassification, and retaliation." Her

motion further requested that the trial court "find that any statute of limitations or procedural deadlines applicable to *prior appeals* — including CV-21-946013 — are tolled[.]" (Emphasis added.) She explicitly sought the "revival of CV-21-946013," another administrative unemployment appeal that had been dismissed as untimely nearly four years earlier, on June 25, 2021.

{¶ 14} In accordance with R.C. 4141.282(F), the Review Commission filed its certified record on May 8, 2025.

{¶ 15} ODJFS, CSU, and CWA all filed motions to dismiss. Both ODJFS and CSU argued that the trial court lacked subject-matter jurisdiction because Robinson had filed her notice of appeal after the 30-day statutory deadline specified in R.C. 4141.282(A). CSU raised additional arguments, i.e., that it could only be sued in the Court of Claims, that it was not a proper party to the administrative appeal (having not been named as an interested party in the Review Commission decision), and that Robinson's claims were "plainly barred by res judicata, multiple final judgments, and applicable statutes of limitations that have long since expired.[2]"

---

[2] The administrative record filed May 8, 2025 repeatedly refers to two employers other than CSU, namely, California Pizza Kitchen, Inc. and Entertainment Management Services LLC. Those entities are the only two employers listed as interested parties on the Review Commission decision from which Robinson filed her administrative appeal. During the January 30, 2025 Review Commission hearing Robinson testified that she had worked for California Pizza Kitchen for approximately eight weeks in 2023, earning approximately $4,522.00, and that she worked for a very short time in 2024 for Entertainment Management Services LLC, earning $99.00. Robinson explained at the hearing that her "reason for . . . putting Cleveland State on the [most recent] application" was because she "never got compensated for the injury [she] had on the job that affects me to this day." (Review Commission record at 116.) At one point the hearing officer remarked: "You're talking about . . . employment that was seven, eight years ago." (Review Commission record at 119.)

{¶ 16} Robinson had identified CWA as the union representing her bargaining unit during her employment at CSU rather than as her employer. CWA's motion to dismiss argued that a union, in its capacity as collective bargaining representative, is not an "employer" pursuant to R.C. 4141.01(A)(1). CWA also argued that Local 4340 should be considered a nonparty because Robinson had been represented by the defunct CWA Local 4309 and "[a]ll of the events and allegations that [Robinson] asserts took place prior to the merger of Local 4309 into 4340." Finally, CWA sought dismissal of Robinson's remaining claims based on res judicata, failure to state a claim, and applicable statutes of limitations.

{¶ 17} Robinson filed oppositions to each motion to dismiss. In addition to other arguments, she repeatedly contended that equitable tolling should be applied not only to revive her previously dismissed case but also to toll any applicable statutory deadlines with respect to her current administrative appeal.

{¶ 18} On June 20, 2025, Robinson filed a pleading captioned "Request for Hearing." She sought a hearing to "[f]ully review the evidentiary record" and to address a wide range issues such as the "[d]enial of unemployment and federal benefits," "failure of union representation," "[r]etaliation during medical leave," and "the scope and appropriateness of relief." Robinson's hearing did not reference the deadline for filing her administrative appeal.

{¶ 19} The trial court entered final judgment on September 30, 2025. It denied Robinson's motion for equitable tolling, writing that it applied only in "exceptional circumstances" and that Robinson "failed to present circumstances

necessitating the tolling of the requisite deadline." The trial court granted ODJFS's motion to dismiss. It expressly found that the decision Robinson was appealing was "dated 03/12/2025[,]" that "the thirty day time period expired on 04/11/2025[,]" and that Robinson "filed this appeal on 04/15/2025." Citing Ohio Supreme Court authority, it rejected any argument that the "Civ.R. 6(E)" could be used to extend the statutory deadline.[3]

{¶ 20} It then explained that "the only reason to extend an appeal in the common pleas court, as found in [R.C.] 4141.281(d)(9), is when the appeal falls on a Saturday, Sunday, or holiday, or the party did not receive the decision within the thirty day appeal period." The trial court held that "[p]ursuant to the voluminous pleadings in this matter, neither of the requisite exceptions to extending the deadline apply in this matter" and that the court therefore "lacks subject matter jurisdiction."

{¶ 21} The trial court also granted CWA's motion to dismiss, finding it was not an "employer" pursuant to R.C. 4141.01(A)(1) "and is a non-party to the action." The trial court also noted that it "lacks subject matter jurisdiction as stated previously."

{¶ 22} Finally, the trial court granted CSU's motion to dismiss. It found that "CSU is a state entity" and therefore "any claims for damages fall under the exclusive

---

[3] The trial court cited *Proctor v. Giles*, 61 Ohio St.2d 211 (1980), which rejected, for purposes of an unemployment appeal, the application of Civ.R. 6's provision for three extra days if a notice or paper is served by mail. We note that Civ.R. 6(E) is now Civ.R. 6(D), with modifications not pertinent to this aspect of the rule.

jurisdiction of the court of claims." The trial court reiterated, however, that "[m]ost significantly, the court again lacks subject matter jurisdiction to proceed."

{¶ 23} The court further concluded that while Robinson had "requested that the court schedule a hearing on the matter[,]" she had "filed numerous responses to all three motions to dismiss" and that "[n]one of the responses indicated any acceptable reason under [R.C.] 4141.281(D)(9) for filing the appeal beyond the requisite deadline. Therefore, a hearing in the matter is again futile."

{¶ 24} The trial court dismissed the administrative appeal. This timely appeal followed.

## II. Assignments of Error

{¶ 25} Robinson presents eight assignments of error for our review. They are listed here verbatim:

**Assignment of Error One:**

The trial court erred in dismissing Appellant's administrative appeal for lack of subject matter jurisdiction based solely on a four-day filing delay, without considering whether equitable tolling should apply due to extraordinary circumstances including administrative confusion created by ODJFS, systemic agency errors acknowledged by ODJFS in writing (August 2021), Appellant's documented disability known to parties for fifteen years, and continuous diligent pursuit of remedies across multiple forums since 2018.

**Assignment of Error Two:**

The trial court erred in finding it lacked subject matter jurisdiction by failing to consider the continuing violation doctrine, where ODJFS's false employment records continue to cause ongoing harm to Appellant's Social Security disability benefits in December 2025, with each day the false records remain uncorrected constituting a new violation occurring within the appeal period, thereby creating jurisdiction over violations that continue presently.

**Assignment of Error Three:**

The trial court erred in dismissing Appellant's appeal with prejudice without addressing newly discovered evidence not available at the time of the March 12, 2025 Review Commission decision, including: (1) 2025 Social Security Administration reports identifying errors in employer information provided by ODJFS; (2) discovery in 2022 that the union was defunct since at least 2016; (3) 2020- 2022 federal Pandemic Unemployment Assistance (PUA) proceedings including the May 4, 2020 ODJFS Notice stating that claimants who "filed a claim for regular unemployment benefits on or after July 8th, 2018" qualified for extended benefits, which revealed the true extent of wage discrepancies and verified Appellant's actual employment progression; and (4) 2024-2025 discovery of the full extent of ongoing harm to Social Security benefits from job misclassification.

**Assignment of Error Four:**

The trial court erred in failing to apply Americans with Disabilities Act reasonable accommodations to the statutory thirty-day filing deadline under R.C. § 4141.282, where Appellant has a documented disability known to Cleveland State University since 2010 (fifteen years) and approved by the Social Security Administration in 2024, and where the four-day filing delay was directly related to disability-related challenges compounded by administrative confusion created by ODJFS and acknowledged systemic programming errors.

**Assignment of Error Five:**

The trial court erred in finding Appellant's appeal untimely without properly applying statutory grace period rules under R.C. § 1.14 and Civ.R. 6(A), without showing its calculation of the thirty-day deadline from the March 12, 2025 decision, and without addressing whether the deadline fell on or immediately after a weekend thereby extending the deadline to the next business day, or whether the mailing date should be excluded from the thirty-day calculation thereby extending the deadline to April 12, 2025 or later.

**Assignment of Error Six:**

The trial court erred in dismissing Appellant's appeal for lack of subject matter jurisdiction without addressing that ODJFS itself directed Appellant to file in the Common Pleas Court in its March 12, 2025 decision, and without considering whether ODJFS should be equitably estopped from arguing lack of jurisdiction in the very forum to which it

directed the appeal, thereby denying Appellant due process through contradictory agency directives that created reasonable reliance followed by procedural bar.

**Assignment of Error Seven:**

The trial court erred in dismissing the appeal without addressing whether Cleveland State University, as a public employer, violated its statutory duty under Ohio's unemployment compensation code to provide accurate employment records to ODJFS, and whether the union's failure to ensure accurate job classification and wage reporting breached its duty of fair representation, where the federal Pandemic Unemployment Assistance (PUA) program — which provided extended benefits to claimants who "filed a claim for regular unemployment benefits on or after July 8th, 2018" as stated in the May 4, 2020 ODJFS Notice — revealed systematic wage and classification discrepancies that both CSU and CWA knew existed but failed to correct, causing ongoing harm to unemployment benefits (2018-2021), Social Security disability benefits (2024-present), and subsequent unemployment applications (2023-2025) where ODJFS dishonestly substituted unqualified "front" employers — including California Kitchen Pizza and Management Entertainment — in place of Cleveland State University to disqualify Appellant from benefits she had already been granted, obscure CSU's wrongful termination on medical leave, and create false narratives that Appellant did not meet wage or employment requirements, thereby affecting multiple government benefit programs dependent on accurate employment records.

**Assignment of Error Eight:**

The trial court erred in dismissing the appeal without addressing whether the Ohio Department of Job and Family Services (ODJFS) engaged in dishonest conduct between 2023 and 2025 to cause Appellant's disqualification from unemployment benefits previously granted, by systematically substituting unqualified or temporary "front" employers—specifically California Kitchen Pizza and Management Entertainment—in place of Cleveland State University to conceal CSU's wrongful termination on medical leave, obscure the employer responsible for Appellant's unemployment, delay and confuse the in-house appeal process, and project a false narrative that Appellant did not meet wage or employment requirements, in violation of Ohio Revised Code § 4141.29(D)(2)(e) prohibiting dishonesty in connection with work, and in violation of due process, equal protection,

and the fundamental requirement that government agencies maintain accurate public records.

## III. Standard of Review

{¶ 26} The trial court dismissed Robinson's administrative appeal based on its finding that it lacked subject-matter jurisdiction. "A dismissal for lack of subject-matter jurisdiction 'raises a question of law, and thus, this court reviews a trial court's ruling on such a motion under the de novo standard.'" *Mitchell v. Dir., Ohio Dept. of Job & Family Servs.*, 2024-Ohio-2073, ¶ 2 (8th Dist.), quoting *Shampine v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-6057, ¶ 15 (10th Dist.). Under a de novo review, this court "'afford[s] no deference to the trial court's decision and independently review[s] the record.'" *Martin v. Accel Schools Ohio*, 2025-Ohio-3150, ¶ 15 (8th Dist.), quoting *Johnson v. Cleveland City School Dist.*, 2011-Ohio-2778, ¶ 53 (8th Dist.).

## IV. Statutory Deadline for Perfecting Appeal

{¶ 27} "A 'court has subject matter jurisdiction over a case if the court has the statutory or constitutional power to adjudicate that case.'" *Shampine* at ¶ 15, quoting *Garrett v. Columbus*, 2010-Ohio-3895, ¶ 13 (10th Dist.), citing *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11. In *Shampine*, the Tenth District succinctly explained the appeal process for unemployment compensation claims:

> An applicant seeking unemployment compensation applies for benefits and submits information to ODJFS to support his or her claim. *McGee v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 09AP-680, 2010-Ohio-673, ¶ 9. Initially, the director of ODJFS makes findings of fact and conclusions of law as to whether a discharged employee is entitled to unemployment benefits. *Id.*, citing R.C. 4141.28(B). The director's decision is subject to an appeal to the commission for a de novo

hearing. *Id.*, citing R.C. 4141.281(C)(1) and (3). If a party is unsatisfied with the commission's final determination, the party may appeal that decision to the appropriate court of common pleas. *Id.* at ¶10, citing R.C. 4141.282(H).

*Shampine* at ¶ 16. *See also Mitchell* at ¶ 21.

{¶ 28} R.C. 4141.282(A) provides that "[a]ny interested party, within thirty days after written notice of the final decision of the unemployment compensation review commission was sent to all interested parties, may appeal the decision of the commission to the court of common pleas." "The timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court." R.C. 4141.282(C). "'When a statute is plain and unambiguous on its face, we need not resort to the rules of statutory construction; we must assume that the General Assembly meant what it said.'" *Cogley v. Ohio Unemp. Rev. Comm.*, 2022-Ohio-1867, ¶ 12 (10th Dist.), quoting *Pryor v. Dir., Ohio Dept. of Job & Family Servs.*, 2016-Ohio-2907, ¶ 14.

{¶ 29} "An administrative appeal filed pursuant to statute is a special statutory proceeding." *Middlebrook v. United Collection Bur., Inc.*, 2017-Ohio-8587, ¶ 8 (10th Dist.), citing *McCourt v. Weather-Tite Aristocrat*, 1979 Ohio App. LEXIS 10964 (8th Dist. Nov. 8, 1979). "'[T]he right to dispute the validity of an administrative decision is only conferred by statute and, if such a statutory right exists, the party aggrieved by the administrative decision can only seek an appeal via the method articulated in the statute.'" *Mitchell*, 2024-Ohio-2073, at ¶ 22 (8th Dist.), quoting *George v. Ohio Dept. of Human Servs.*, 2005-Ohio-2292, ¶ 32 (10th Dist.). Moreover, "'[s]tatutory deadlines and filing requirements require strict

compliance.'" *Mitchell* at ¶ 22, quoting *McNamara v. Dir., Ohio Dept. of Job & Family Servs.*, 2010-Ohio-5619, ¶ 4 (8th Dist.). Such compliance with the statute's specific, mandatory provisions "'is essential to invoke jurisdiction of the court of common pleas.'" *Makris v. Unemp. Comp. Rev. Comm.*, 2013-Ohio-2317, ¶ 8 (7th Dist.), quoting *Zier v. Bur. of Unemployment Comp.*, 151 Ohio St. 123, 125 (1949). As the Tenth District explained:

> Time and time again the courts of Ohio have held that "administrative appeals of unemployment compensation claims have been properly dismissed when the appellant failed to file the notice of appeal with the common pleas court within the 30-day time limit set by statute." *Crawford v. United Dairy Farms, Inc.*, 2d Dist. No. 25786, 2013-Ohio-5047, ¶ 9. *See Tru-Way Design & Eng., Inc. v. Wilson*, 6th Dist. No. L-07-1240, 2008-Ohio-475 (delays in mail delivery will not extend filing time where employer mailed the notice of appeal within 30 day time limitation but it was not filed until after the appeal period had expired); *Makris v. Unemp. Comp. Rev. Comm.*, 11th Dist. No. 11 MA 105, 2013-Ohio-2317 (trial court properly granted employer's motion to dismiss appeal filed 83 days after UCRC issued final decision for lack of subject-matter jurisdiction); and *Campbell v. Valley Homes Mut.*, 1st Dist. No. C-060424, 2007-Ohio-1490 (employee is required to appeal a final decision of the UCRC within 30 days and R.C. 2305.19, the savings statute, does not apply to unemployment appeals).

*Cogley* at ¶ 13.

{¶ 30} R.C. 4141.281(D)(9), however, does provide for the extension of the statutory time requirements for appealing a Review Commission decision to a common pleas court in the following circumstances:

> R.C. 4141.281(D)(9) provides: "The time for filing * * * a court appeal under section 4141.282 of the Revised Code shall be extended in the manner described in the following * * * sentences. When the last day of an appeal period is a Saturday, Sunday, or legal holiday, the appeal period is extended to the next work day after the Saturday, Sunday, or legal holiday. * * * When an interested party provides evidence, which evidence may consist of testimony from the interested party, that is

sufficient to establish that the party did not actually receive a decision within the thirty-day appeal period provided in section 4141.282 of the Revised Code, and a court of common pleas finds that the interested party did not actually receive the decision within that thirty-day appeal period, then the appeal period is extended to thirty days after the interested party receives the decision."

*Nicoll v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-5207, ¶ 14 (2d Dist.), quoting R.C. 4141.281(D)(9).[4]

## V. Analysis

### A. First, Second, Fourth, Fifth, and Sixth Assignments of Error

{¶ 31} We consider several of Robinson's assignments of error together and out of order. Robinson's first, second, fourth, fifth, and sixth assignments of error are related. Viewed collectively, and when properly stripped of contentions the trial court never reached, they argue that the trial court erred in finding that it lacked subject-matter jurisdiction over Robinson's administrative appeal because of her failure to file the notice of appeal within the 30-day deadline established by R.C. 4141.282(A). We find no merit to these assignments of error.

#### 1. First Assignment of Error

{¶ 32} In her first assignment of error, Robinson argues that the doctrine of equitable tolling should be applied to statutory deadlines, thereby salvaging her untimely appeal. Robinson's only legitimate reference to a case in support of this assignment of error, at least in her opening brief, is "*Bowling v. DeWine*." She

---

[4] We agree with ODJFS that the remaining two provisions provide for extensions in connection with appeals to the director under R.C. 4141.281 rather than court appeals under R.C. 4141.282. *See, e.g., Tru-Way Design & Eng. v. Wilson*, 2008-Ohio-475, ¶ 16 (6th Dist.); *Williams v. LensCrafters, Inc.*, 2011-Ohio-972, ¶ 9 (6th Dist.).

provides no citation but argues that a trial court found that Governor DeWine's decision to terminate Ohio's participation in Federal Pandemic Employment Compensation early was unlawful. This appears to be a reference to the trial court decision described in *State ex rel. Bowling v. DeWine*, 2025-Ohio-2313 (10th Dist.). In that case, the Tenth District stated that "[t]he trial court ordered Governor DeWine to take all action necessary to rescind his early termination of Ohio's participation in the Federal Pandemic Unemployment Compensation . . . program, 15 U.S.C. 9023, and to obtain the benefits that would have been paid to Ohio citizens from June 26 to September 6, 2021." *Id*. at ¶ 1. Robinson discusses *Bowling* under a subsection captioned "Systemic Failures in Ohio's Unemployment Administration Support Equitable Tolling," but there is no discussion of tolling in that case. *Bowling* therefore has no bearing on whether the statutory deadline for appealing a Review Commission decision is subject to equitable tolling. Even if it did, Robinson provides no cogent argument explaining how generalized "systemic failures" prevented her from perfecting her appeal of the Review Commission's decision within 30 days from the date of mailing.

{¶ 33} In one of her reply briefs, Robinson cites *Benkovits v. Bandi*, 2021-Ohio-1877 (8th Dist.). That case considered but refused to apply equitable tolling to a statute of limitations. In *Benkovits*, this court noted that "'[e]quitable tolling is to be applied sparingly and only in exceptional circumstances.'" *Id*. at ¶ 25, quoting *McCualsky v. Appalachian Behavioral Healthcare*, 2017-Ohio-8841, ¶ 18 (10th Dist.), citing *Byers v. Robinson*, 2008-Ohio-4833, ¶ 56 (10th Dist.). It further held

that the doctrine should be applied only in compelling cases and that "'[a] litigant seeking equitable tolling must demonstrate that he or she diligently pursued his or her rights, but some extraordinary circumstance stood in his or her way and prevented timely action.'" *Benkovits* at ¶ 25, quoting *McCualsky* at ¶ 18, citing *In re Regency Village Certificate of Need Application*, 2011-Ohio-5059, ¶ 37 (10th Dist.). Robinson has not described any exceptional circumstances that prevented her from perfecting the administrative appeal in a timely fashion.

{¶ 34} Robinson's citation in her second reply brief to *Stevens v. Ohio Dept. of Mental Health*, 2013-Ohio-3014 (10th Dist.), likewise does nothing to aid her argument. That case, like *Benkovits*, stresses courts' reluctance to apply equitable tolling, likewise limiting its application to "exceptional circumstances." *Id.* at ¶ 19. *Stevens* also holds that important factors to consider in whether to apply the doctrine are the lack of actual or constructive notice of a filing requirement or deadline and whether an individual was "intentionally misled or tricked into missing a filing deadline." *Id.* In Robinson's case, the notice of appeal rights included within the Review Commission decision plainly informed Robinson of the statutory deadline for perfecting an appeal. There is no suggestion that she lacked notice of the filing deadline or that she was misled or tricked into missing that deadline.

{¶ 35} Robinson has not pointed to any "extraordinary circumstance" that prevented her from timely filing her administrative appeal. Instead, she continuously focuses on claims of "agency misconduct" or "systemic failures." Regardless of whether her claims of past wrongs have any merit, Robinson has not

suggested they prevented her from filing *this* administrative appeal in a timely fashion.

{¶ 36} Robinson offers no compelling excuse for the four-day delay. In fact, one of her reply briefs, she states that "[t]his case is not about four days. It is about seven years of agency misconduct." (Robinson's Jan. 30, 2026 reply brief at p. 9.) In other words, she seeks dispensation from any deadlines as compensation for her past travails. There is no support for this in the law.

{¶ 37} Moreover, a statute of limitations, which may be subject to equitable tolling, is categorically different than a jurisdictional prerequisite. "A statute of limitations is an affirmative defense that is waived unless pled in a timely manner. If it is not so pled, a court with subject matter jurisdiction can proceed with the case." (Citation omitted.) *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998). "A jurisdictional defect," by contrast, "cannot be waived." *Id.*

{¶ 38} In short, the 30-day deadline for perfecting an appeal is not an ordinary limitations period governing a civil claim already within the court's jurisdiction. It is the statutory condition for invoking the common pleas court's appellate jurisdiction. As discussed more fully above, the failure to file within the 30-day period presents a jurisdictional defect. Appellant has pointed to no cases suggesting that a court may apply equitable tolling to create jurisdiction after the statutory appeal period has expired.

{¶ 39} Moreover, as noted above and addressed more fully in connection with Robinson's fifth assignment of error, the General Assembly has created an

explicit extension scheme governing otherwise untimely administrative appeals. When an appeal is filed after the 30-day period, R.C. 4141.282(I) authorizes a timeliness hearing to determine whether the appeal was timely under R.C. 4141.281(D)(9). The statute therefore provides specific exceptions, and there is no suggestion that the jurisdictional deadline is subject to extension through equitable-tolling principles. *See Mitchell*, 2024-Ohio-2073, at ¶ 26 (8th Dist.) (finding trial court did not err in dismissing appeal for lack of subject-matter jurisdiction where appellant, who had filed an appeal within 30 days but in the wrong court, did not argue she met one of the statutory exceptions).

{¶ 40} We overrule Robinson's first assignment of error.

**2. Second Assignment of Error**

{¶ 41} In her second assignment of error, Robinson argues that the trial court should have applied the "continuing violation doctrine" to permit her untimely appeal. She claims that purportedly uncorrected unemployment records continue to cause her harm on an ongoing basis, resulting in ongoing new violations. More specifically, Robinson writes that "[e]very dollar of benefits that [she] loses due to the false job classification is new harm that accrues in real time." (Robinson's brief at p. 18.) Robinson cites *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), but that United States Supreme Court decision did not address the timeliness of an administrative appeal from a Review Commission decision, and Robinson does not explain how it has any relevance to her missed deadline. Robinson has cited no

other cases or applicable law suggesting that the doctrine should apply to extend the time for filing a notice of appeal.

{¶ 42} Robinson has thus offered no authority suggesting that the continuing violation doctrine should apply to the statutory deadline. "This court has held that when an appellant fails to cite to any legal authority for their claims, that failure allows this court to disregard their arguments." *Lewicki v. Grange Ins. Co.*, 2023-Ohio-4544, ¶ 41 (8th Dist.), citing *Pinkney v. Salett*, 2011-Ohio-4121, ¶ 3, citing App.R. 12(A)(2); App.R. 16(A)(7). "The appellant, rather than the appellate court, bears the burden to construct the necessary legal arguments that support the designated assignments of error." *Lewicki* at ¶ 41, citing *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527, ¶ 26 (8th Dist.). *See also Siemientkowski v. State Farm Ins. Co.*, 2005-Ohio-4295, ¶ 23 (8th Dist.) ("An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7)."); *Fowler v. Fairway Tower & Manor*, 2009-Ohio-2109, ¶ 15 (9th Dist.) (failure to present legal authorities in support of argument results in failure to demonstrate error on the part of the trial court); *In re K.C.*, 2025-Ohio-5414, ¶ 22 (8th Dist.). (Appellant did not demonstrate error where his brief made conclusory statements that the court erred but did not provide supportive legal arguments.); *Story v. Story*, 2021-Ohio-2439, ¶ 30 (8th Dist.) (Appellate court not obligated to construct or develop arguments for appellant or to guess at undeveloped claims.); *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.) ("'If an argument exists that can

support this assigned error, it is not this court's duty to root it out.'"), quoting *Cardone v. Cardone*, 1998 Ohio App. LEXIS 2028, *22 (9th Dist. May 6, 1998); *Bertalan v. Bertalan*, 2025-Ohio-1443, ¶ 77 (8th Dist.); *Manning v. Cuyahoga Metro. Hous. Auth.*, 2025-Ohio-4751, ¶ 15 (8th Dist.).

{¶ 43} Robinson's status as a pro se litigant does not excuse the deficiencies in her appeal. In Ohio, "pro se litigants are held to the same standard as all other litigants: they . . . must accept the consequences of their own mistakes." *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996).

{¶ 44} For these reasons, we may disregard the assigned error. In addition, however, "[t]he Supreme Court of Ohio has stressed that courts are very reluctant to use the continuing violation doctrine outside the Title VII context." *Cooper v. W. Carrollton*, 2018-Ohio-2547, ¶ 40 (2d Dist.); *see also Brown v. WLWT-TV 5 News/Hearst TV*, 2024-Ohio-271, ¶ 9 (1st Dist.). Moreover, "continuing violations are distinguished from continuing effects of prior violations; in this context, a continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." (Cleaned up.) *Cooper* at ¶ 40. As explained below, we do not reach the merits of Robinson's grievances, but Robinson appears to be referring here to just such "continual ill effects" from previous alleged violations.

{¶ 45} We further note that Robinson's proposed application of the continuing violation doctrine to the deadline for appeals of Review Commission

decisions would create an exception that swallows the rule. Every individual who appeals a Review Commission decision is claiming, by the very nature of the action, that they are continuing to be deprived of unemployment benefits because of mistakes made or wrongs inflicted by the Review Commission, ODJFS, or employers. Robinson's proposed rule would permit every aggrieved individual to bypass the jurisdictional statutory deadline, effectively nullifying it.

{¶ 46} We overrule Robinson's second assignment of error.

### 3. Fifth Assignment of Error

{¶ 47} In her fifth assignment of error, Robinson claims the trial court erred in calculating the deadline for filing her appeal and that she should have been afforded a "grace period." Although Robinson neither cites nor discusses any cases, she does cite R.C. 1.14 and Civ.R. 6. Because Robinson has provided at least some legal framework for her argument, we will address this assignment error.

{¶ 48} R.C. 1.14 provides in pertinent part as follows:

> The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that, when the last day falls on Sunday or a legal holiday, the act may be done on the next succeeding day that is not Sunday or a legal holiday.

{¶ 49} Civ.R. 6(A) provides:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded

in the computation. When a public office in which an act, required by law, rule, or order of court, is to be performed is closed to the public for the entire day which constitutes the last day for doing such an act, or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Saturday, a Sunday, or a legal holiday.

{¶ 50} The statute and the civil rule are complementary. Even more importantly, "Civ.R. 6(A) . . . and R.C. 4141.281(D)(9) . . . provide the identical method for computing the time period for appeal, and whether or not the Civil Rules apply to the Unemployment Compensation Act is a distinction without a difference" with respect to such computations. *Nicoll*, 2011-Ohio-5207, at ¶ 18 (2d Dist.). Furthermore, "the Ohio Supreme Court has held that Civ.R. 6(E) [now Civ.R. 6(D)] is not applicable to extend the thirty-day time limitation for filing a notice of appeal from the determination of the Unemployment Compensation Review Commission." *Fowler v. Summa Health Sys.*, 2004-Ohio-6740, ¶ 6 (9th Dist.), citing *Proctor*, 61 Ohio St.2d at 214 (1980).

{¶ 51} Contrary to Robinson's assertions, the trial court did not fail to "show its calculation or explain how it arrived at the April 11, 2025 deadline." (Robinson's brief at p. 25.) There was no "lack of transparency," and the trial court's calculation was not "unclear." *Id.* The trial court found that the decision Robinson was appealing was "dated 03/12/2025[,]" that "the thirty day time period expired on 04/11/2025[,]" and that Robinson "filed this appeal on 04/15/2025."

{¶ 52} Robinson concedes that the Review Commission's decision is dated March 12, 2025. She correctly states that "the thirty-day period," i.e., day one, "began on March, 13, 2025." (Robinson's brief at p. 25.) Reference to any calendar

indicates that if March 13, 2025 was day one, then day 30 was Friday, April 11, 2025. Robinson is therefore flatly incorrect when she argues that "the deadline would be [Saturday,] April 12, 2025[.]" *Id.*

{¶ 53} Robinson did not argue below, and does not argue on appeal, that any circumstances supported a deadline extension under R.C. 4141.281(D)(9), and nothing in the record suggests grounds for any such extension. The deadline fell on an ordinary Friday, not a weekend or legal holiday. Robinson also did not contend that she did not actually receive the decision within the 30-day appeal period provided in section 4141.282 of the Revised Code. Her argument that she was confused by the employer names on the March 12, 2025 Review Commission decision does implicate any of the R.C. 4141.281(D)(9) exceptions.

{¶ 54} Moreover, Robinson did not separately assign error to the trial court's decision not to hold a hearing on timeliness pursuant to pursuant to R.C. 4141.282(I). As a result, that issue is waived. *Cogley*, 2022-Ohio-1867, at ¶ 17 (10th Dist.). Even if Robinson had separately assigned error, however, she asserted no statutory grounds for extending the appeal period, and the trial court therefore did not err in not holding a hearing. Like the appellant in *Nicoll*, 2011-Ohio-5207 (2d Dist.), Robinson "never argued before the trial court that she did not receive timely notice of the Director's decision" and "[i]n fact . . . did not dispute that the thirty-day time period began to run on" the day after the mailing date. *Id.* at ¶ 25.[5]

---

[5] In *Nicoll*, the determination was dated October 6, 2010. *Id.* at ¶ 2. The Second District "agree[d] with the trial court that the 30-day period in which to appeal began to

*See also Tru-Way Design & Eng.*, 2008-Ohio-475, at ¶ 18 (6th Dist.) (Trial court jurisdiction was never properly invoked where "no evidence was presented that appellee received the notice beyond the 30-day time limit or that any other extension circumstance under R.C. 4141.281(D)(9) applied.").

{¶ 55} Robinson's fifth assignment of error is overruled.

**4. Fourth Assignment of Error**

{¶ 56} In her fourth assignment of error, Robinson argued that the trial court should have considered the reasonable accommodation provisions of the Americans with Disabilities Act ("ADA") and extended the statutory 30-day deadline. Apart from generally citing the ADA, however, Robinson included no legal arguments based on the text of the statute, regulations, or case law. In addition, and wholly independent of our observation that Robinson has failed to support this assignment of error with legal arguments, Robinson did not raise this reasonable-accommodation argument in her briefs to the trial court. Accordingly, the argument has been waived. "'[A] party cannot present new arguments for the first time on appeal that were not raised below[.]'" *Johnson v. State Farm Mut. Auto. Ins. Co.*, 2024-Ohio-3187, ¶ 24 (8th Dist.), quoting *State v. Moore*, 2020-Ohio-3459, ¶ 58 (8th Dist.).

{¶ 57} We overrule Robinson's fourth assignment of error.

---

run on October 7, 2010, such that Nicoll's notice of appeal was due Friday, November 5, 2010." *Id*. at ¶ 18.

**5. Sixth Assignment of Error**

{¶ 58} In her sixth assignment of error, Robinson argues that ODJFS should be equitably estopped from arguing lack of jurisdiction because it had informed her she could file an appeal in common pleas court. In advancing that argument, Robinson ignores that the dismissal of her case was based on timeliness. Instead, she argues that the notice of appeal rights "created reasonable reliance that the Common Pleas Court was the proper forum for Appellant's appeal" and that the Review Commission "cannot direct a claimant to a forum and then successfully argue that forum lacks jurisdiction." (Robinson's brief at p. 26.) The problem with this argument is that there is no dispute that Robinson filed in the proper court. The jurisdictional issue was timeliness.

{¶ 59} Furthermore, Robinson cites no law to support her equitable estoppel argument. Finally, she failed to advance this argument below and has therefore waived it.

{¶ 60} We overrule Robinson's Sixth assignment of error.

**B. Third, Seventh, and Eighth Assignments of Error**

{¶ 61} In accordance with our resolution of Robinson's first, second, fourth, fifth, and sixth assignments of error, we find that the trial court did not err in finding that Robinson failed to timely appeal the Review Commission's decision and therefore did not err in dismissing her complaint for lack of subject-matter jurisdiction. As a result, "any arguments regarding the substantive nature of

[Robinson's] case are not properly before this court." *Mitchell*, 2024-Ohio-2073, ¶ 30 (8th Dist.).

{¶ 62} Moreover, with respect to Robinson's fulsome and wide-ranging grievances against ODJFS, CSU, and CWA detailed in her pleadings and briefs, we note that this case has always been postured — correctly — as an administrative appeal from a decision of the Review Commission. "Creative pleading cannot overcome the general rule that '[w]hen a statute confers the right to appeal, the statutory provisions solely govern perfecting such an appeal.'" *Chenault v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-3554, ¶ 20 (10th Dist.), quoting *Calo v. Ohio Real Estate Comm.*, 2011-Ohio-2413, ¶ 35 (10th Dist.). "'[R]egardless of how plaintiff characterizes [her] claim against [the administrative agency], plaintiff is seeking a determination that [the administrative agency] wrongly denied [her] . . . benefits. . . . Any errors could and should have been raised' in an administrative appeal to the common pleas court." *Cogley*, 2022-Ohio-1867, at ¶ 14 (10th Dist.), quoting *Bailey v. Ohio Dept. of Admin. Servs.*, 2002 Ohio App. LEXIS 909, *5 (10th Dist. Mar. 5, 2002). Indeed, "[c]laims involving other matters other than those directly related to the administrative decision cannot be combined with an appeal from that decision." *Yarnell v. Smithville*, 2026-Ohio-1140, ¶ 24 (9th Dist.). "Furthermore, courts have suggested that this is true even if the trial court did not have . . . jurisdiction over the administrative appeal . . . ." *Spencer v. Harrison Twp. Bd. Trustees*, 2026-Ohio-46, ¶ 38 (7th Dist.), quoting *Grater v. Damascus Twp. Trustees*, 2021-Ohio-1929, ¶ 24 (3d Dist.); *Yarnell* at ¶ 24.

{¶ 63} Accordingly, because the trial court correctly dismissed Robinson's untimely administrative appeal for lack of subject-matter jurisdiction and never considered the merits of her complaints against ODJFS, CSU, and CWA, Robinson's third, seventh, and eighth assignments of error are moot. App.R. 12(A)(1)(c).

{¶ 64} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
DEENA R. CALABRESE, JUDGE

LISA B. FORBES, P.J., and
SEAN C. GALLAGHER, J., CONCUR